NEW-YORK,
Nov. 1808.

Hackley
v.
Patrick.

## Hackley, survivor, &c. *against* Patrick, impleaded with Hastie.

If one partner, who is authorised to adjust the debts due from the co-partnership, after its dissolution, adjusts an account, and acknowledges a balance to be due from the copartnership, this acknowledgment will not bind his copartner.

THIS was an action of *assumpsit*, for goods sold and delivered, money lent, and money had and received. The cause was tried at the last sittings held in *New-York*.

*Patrick* and *Hastie* entered into copartnership in 1800, and carried on their business in the city of *New-York.* On the 31st *December*, 1801, they dissolved their partnership, and a notice of the dissolution was published in the *Gazettes* of the city, in the following words :  " *Notice.* The mercantile concern, under the firm of *Henry Hastie & Co.* expired on the 31st ultimo, by its own limitation. All persons having any unsettled business with them, will please to call on the subscriber, at no. 103, *Water Street*, for an adjustment of the same. In future, the business will be carried on by *Henry Hastie.*

" *Henry Hastie.*

" *January* 7th, 1802."

The plaintiff exhibited an account against *Henry Hastie & Co.* dated *April* 11, 1804, on which was indorsed, an acknowledgment, subscribed by *Henry Hastie*, in his own name, as follows :

" *Norfolk, April* 18, 1805.

" If the dates in the within account are correct, antece-dent to the dissolution of the copartnership of *Henry Hastie & Co.* that concern owes *Richard S. Hackley & Co.*

1034 dollars, and they owe me 289 dollars and 37 cents, which deduct from that balance, will leave *Henry Hastie & Co.* in their debt, principal, 744 dollars and 37 cents."

The counsel for the defendant objected to this acknowledgment, as evidence to charge the defendant, but it was admitted by the judge. The defendant's counsel then insisted that the plaintiff should prove that the dates in the account, prior to the dissolution of the copartnership of *Henry Hastie & Co.* were correct ; but the judge said that it was unnecessary, as the burden of proof lay with the defendant to show their incorrectness ; and that the acknowledgment of *Hastie*, of the balance on that account, if the dates were correct, was conclusive evidence against the defendant in the cause.

The jury found a verdict for the plaintiff, for the balance there stated, and the interest thereon.

A motion was now made to set aside the verdict, and for a new trial, for the misdirection of the judge.

*Mulligan*, for the defendants, contended, that it had been repeatedly decided, that the power of one partner to bind the other, ceased with the dissolution of the partnership, and that, if one partner could not give or indorse a promissory note, in the name of the partnership, after its dissolution, he could not, for the same reason, by his acknowledgment of an account, charge his copartner. They cited *Lansing* v. *Gaine* and *Ten Eyck*, 2 *Johns. Rep.* 300. 3 *Esp. Cases*, 108.

*Colden*, contra, insisted, that it would be extremely inconvenient, if a partner, after the dissolution of the firm, was not allowed to adjust an account, and bind his copartner for the balance he admitted to be due. It is true, that one partner cannot, after the dissolution of the copartnership, bind his copartner by a new contract ; but where he is expressly authorized to settle the debts of the former copartnership, he may bind his copartner in relation to such debts.* The authority of *Hastie* was not only implied but express ; and *Patrick* ought, therefore, to be

* 1 *Hen. Black.* 155.

NEW-YORK,    bound by his acts, in relation to former debts, which he
Nov. 1808.    was empowered to adjust.

Montgomery        *Wells*, in reply, was stopped by the court.
v.
Hasbrouck.        *Per Curiam.* This is a clear case. After a dissolution
of a copartnership, the power of one party to bind the
others, wholly ceases. There is no reason why his *acknow-*
*ledgment* of an account should bind his copartners, any
more than his giving a promissory note in the name of the
firm, or any other act. The plaintiff ought to have pro-
duced further evidence of the debt ; the acknowledgment
of *Hastie* alone was not sufficient to charge *Patrick.*

There must be a new trial, with costs to abide the event
of the suit.

New trial granted.