MERCER *against* SAYER and TOLER.

Confession of one partner, after a dissolution of co-partnership, inadmissible to charge his co-partner.

To support the count for money had and received, proof of a promissory note received by defendant is not sufficient.

THE declaration in this action contained one count on a promissory note, together with the common money counts.

Plea, the general issue, with notice of set-off.

The plaintiff produced, in evidence, a paper purporting to be an account stated between the plaintiff and defendants, and offered the confession of one of the defendants, made after the dissolution of the partnership, to show that the said account had been stated by the firm.

YATES, J. No confession, made by a partner after the dissolution of a partnership, can be received to charge his co-partners.(1)

(1) This point was expressly decided in the case of *Hackley* v. *Patrick and Hastie*, 3 Johns. 536. In that case, after a dissolution of partnership, the partner who was authorised to adjust the accounts of the co-partnership, acknowledged a balance to be due from the co-partnership to the plaintiff. In an action for that balance, the plaintiff offered the acknowledgment as conclusive evidence of the balance due, and it was so received by the judge at *Nisi Prius*, and the plaintiff had a verdict, which was afterwards, on this ground, set aside. The court being of opinion, that, after a dissolution of a co-partnership, one partner could not, by his acknowledgment of an account, bind his co-partner any more than he could by giving a promissory note in the name of the firm, or doing any other act. Such an acknowledgment,

It was then proved, that goods had been consigned by the plaintiff to the defendants, for sale; that the defendants had accordingly sold them, and had received in payment the note of one Burdell, payable the first of January, 1807.

The defendants contended, that this evidence could not be applied to any of the counts but the count for money had and received; and, to support that count, the plaintiff must further show that the defendants had received the amount of the note.

YATES, J.    To support the count for money had and received, it is not sufficient to show that the defendants have received a promissory note, it must be proved that money has actually come to their hands.

*Nitchie* and *D. B. Ogden,* for plaintiff.

*Baldwin,* for defendants.(2)

however, is sufficient to take a case out of the statute of limitations.   *Smith* v. *Ludlow et al.,* 6 Johns. 267.

This case, however, (*Smith* v. *Ludlow,*) has, since the writing of this note, been expressly overruled in the court of appeals. *Van Keuren* v. *Parmelee,* 2 Comst. 531.  This was the necessary result of the great change which has taken place in this state in the course of decisions upon the statute of limitations, where it is now the settled law, that a mere acknowledgment that the debt is unpaid is not sufficient, as heretofore, to take a case out of the statute, but that there must be either an express promise or an acknowledgment of a present indebtedness, a subsisting liability, and a willingness to pay.   *Allen* v. *Webster,* 15 Wend. 284; *Stafford* v. *Richardson,* 15 Wend. 302; *Hancock* v. *Bliss,* 7 Wend. 267; *Purdy* v. *Austin,* 3 Wend. 187, &c.   Thus, in effect, there must be a *new contract,* though founded on the original consideration; and, as it is clear that the power to make such contract does not exist after the dissolution, the result from such premises is inevitable.   See also, *Bogert* v. *Vermilye,* 10 Barb. 32; Story on Part. 467.

(2) On a motion for a new trial, this point was confirmed by the court, *ut*

*semb.*  7 Johns. 306; vide *ante, Haskins* v. *Dunham,* and the note on that case.

The case was sent back for a new trial, on a point confirming this ruling of the judge.  Pending the plaintiff's summing up to the jury, the defendant discovered, from the inspection of papers in the possession of one of plaintiff's witnesses, that the money in question had not been, in fact, received by Sayre & Toler, until December, 1807, after the commencement of this suit.  He then asked permission of the judge to introduce this fact into the cause, but the judge refused, concluding that he had no discretion.  The court, however, ruled that he had such discretion, and that the testimony was material, as it went to destroy the presumption that the money was actually received by the defendant.  *Vide etiam, Haskins* v. *Dunham,* ante, and the note to that case.