## Case No. 3,204.

COOTE et al. v. BANK OF THE UNITED STATES.

[3 Cranch, C. C. 95.][1]

Circuit Court, District of Columbia. May Term, 1827.

RIGHTS OF PARTNERS INTER SE — PRODUCTION OF BOOKS AND DOCUMENTS.

1. It is not a good ground for a new trial, that the defendants (a banking company,) had in their possession documents of which they did not avail themselves, because they were not known to one of the officers of the defendants at the time of trial.

2. Prima facie the bank had no right to charge up to the account of a firm, the indi-

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

vidual note of one of the partners; and the burden of proof lies on the bank, to show the assent of the other partner.

3. One partner has no right to draw the joint funds in his own name: nor can he lawfully appropriate them to his own use. He has only a right to use the joint name, and to act as and for the firm.

4. When books have been called for by the opposite party, and produced, it is competent for the party producing them to show, by the testimony of a witness, that he has examined the books, and that they do not contain any entries upon or relating to the matter in controversy; the books themselves being in court for the inspection of the opposite party.

In this cause, at the last term, the plaintiffs obtained a verdict for $500 [Case No. 3,203], and the defendants moved for a new trial: (1) Because the verdict was contrary to evidence; (2) because new evidence had been discovered; and (3) because the court erred in refusing the instructions moved· for by the defendants' counsel.

Upon the third ground Mr. Lear, for defendant, cited Swan v. Steele, 7 East, 210; Ridley v. Taylor, 13 East. 175; Wood v. Braddick, 1 Taunt. 104; 1 Mont. 31; Gow, 59, 67; Dob v. Halsey, 16 Johns. 38; Henderson v. Wild, 2 Camp. 561.

Mr. Jones, contra, cited Mont. 134; Evans v. Drummond, 4 Esp. 89; Reed v. White, 5 Esp. 122; Gow, 59.

Mr. Key, in reply, contended that one partner has a right to draw the joint funds, even for his own use, unless there be collusion between him and the party drawn upon.

CRANCH, Chief Judge. This is a motion for a new trial, in an action for money paid, laid out, and expended by the plaintiffs for the defendants; and for money had and received by the defendants for the use of the plaintiffs. The reasons alleged for a new trial are: (1) because the verdict is against evidence; (2) because new evidence has been discovered since the verdict; (3) misdirection of the jury by the court in matter of law. (1) The first reason has not been relied upon by the defendants' counsel. (2) The supposed newly-discovered evidence is this, that on the defendants' scratch-book, which is the original book of entry of deposits made in the bank, three sums, amounting to about $1,000, were, at three several times in January, September, and October, 1818, entered in the name of Clement T. Coote, and were posted in the ledger to the credit of Clement T. Coote & Co. This evidence was in the power of the defendants at the trial; and the ignorance of one of the officers of the bank, who was not the bookkeeper, is not sufficient ground for a new trial. If it were, there could never be an end of new trials. The bank could obtain them whenever they should desire; for it is hardly probable that there should not be found, some one of the numerous officers of that bank who was, at the time of the trial, ignorant of some fact which might be material in the cause. But the evidence itself seems to be wholly unimportant; for the posting it to the credit of Coote & Co. is evidence that the officers of the bank understood it as being originally deposited to the credit of that company. (3) The principal ground relied upon by the defendants, in support of their motion for a new trial, is, that the court refused to instruct the jury as prayed by their counsel.

It appeared in the evidence that the bank held a deposit to the credit of the firm of Clement T. Coote & Co., to the amount of $500, which was money had and received by the bank for the use of the plaintiffs, and which they have a right to recover in this action, unless the bank have a right to charge them with the individual note of C. T. Coote, one of the plaintiffs, dated 21st September, 1818, for $200, payable 23d of November, 1818, and his individual check for $300, dated 29th September, 1818. The entries of these debits in the bank-book of Clement T. Coote & Co., kept at the bank, appear to be post-entries, interpolated and crowded in between other entries previously made. The check for $300 appears to have been given to take up C. T. Coote's individual note for that amount, previously discounted at the bank for his accommodation. The individual note of C. T. Coote, for $200, was charged up in the joint account of Coote & Co. Prima facie, the bank had no right to charge the note and check to that account, any more than they would have had to offset them against the joint demand of Coote & Co., if they had brought suit against the bank. The burden of proof was on the bank, to show the assent of the other partner, or that the transaction was for joint account and benefit. One partner has no right to draw the joint funds in his own name; he cannot lawfully appropriate the joint funds to his own use; he has only the right to use the joint name, and to act as and for the firm. When he receives joint goods, he receives them in the name of the firm. If he gives a receipt for them, he signs the name of the firm; if he verbally direct a payment to be made out of the joint funds, he does it in the name of the firm, and as representing the firm. His right, as a partner, is only to represent the firm, and to act in the name of the firm; as an individual, he has no authority over the partnership effects. If he act avowedly in his individual character, everybody knows that he cannot bind the firm; and every person who deals with him, ostensibly in his individual character, if he would charge the firm with his acts, must take upon himself the burden of proving that, notwithstanding appearances to the contrary, he was acting for and on behalf of the firm, and for their account and benefit.

In the present case, the bank did undertake the burden of that proof; and, for that pur-

pose, introduced Mr. Weightman, an officer of the bank, who testified that during the partnership, and while the joint funds were in the bank, to the credit of the firm, a note signed by C. T. Coote, in his own name only, fell due at the bank, and as Coote had no funds nor account there, then, nor at the time when the entries of September 29, 1818, and November 23, 1818, were made in the bank-book of C. T. Coote & Co., the witness called on Mr. Coote, to know how the note was to be paid; who said it was a partnership transaction, and that he intended the note to be paid out of the joint funds in the bank, and directed the witness so to do. That he had intended to put the partnership name to the note, but had, by mistake, put his own name only. That he might draw notes or checks in the same way again, that is, on partnership account, but in his own name only, by mistake, instead of that of the firm; but that if he should have no funds in the bank in his own name, as he should in all such cases draw such checks or notes on partnership account, and intending them to be paid out of the partnership funds, he would thank the witness and the gentlemen of the bank to pay them out of the funds of the concern; as they might, in such cases, take it for granted that they were drawn on partnership account. Upon which evidence the defendants prayed the court to instruct the jury, in substance, that if they believed, from the said evidence, that Mr. Coote, at the time or before the said note and check were drawn, informed Mr. Weightman as above stated, then the plaintiffs are not entitled to recover, unless they can satisfy the jury that Mr. Coote drew the said note and check on his own account, and not on partnership account, and that the defendants or their officers knew, or had sufficient cause to know, that he so drew them; which instruction the court refused to give.

The question is, whether this testimony of Mr. Weightman shifted the burden of proof from the defendants to the plaintiffs. We think it did not. The presumption arising from that testimony, that it was really and bona fide a joint transaction, is not, in our opinion, as strong as the presumption arising from the signature, and other circumstances stated in the evidence, that it was the individual transaction of Mr. Coote. And the instruction which the court ought to have given, if they had given any, should have been, that, upon that evidence, the plaintiffs had a right to recover, unless the jury should be satisfied by the evidence, that the note and check were really drawn for the joint account. All the cases cited are where the joint name was used, or where it was equivocal whether it was used or not. That circumstance throws the burden of proof on the party who wishes to show it to be the individual transaction of the partner who used the joint name. If the note and check, in the present case, had been drawn in the

name of Clement T. Coote & Co., all these cases would have been applicable. Each partner has a right to use the name of the firm; and if he does, it is an act within the scope of his authority, and the transaction is prima facie joint; and it is probable that a mere knowledge, that it is used for the individual benefit of one of the partners, is not sufficient, without collusion, to prevent it from binding the other partner. But when the name of the firm is not used, it will require strong evidence to rebut the presumption that it is an individual transaction.

In the present case, the evidence is that the partner, whose individual note was taken up by this check, informed an officer of the bank, in conversation respecting another note, at some time, whether before or after the payment of this check does not appear, but perhaps before, that that note was a partnership transaction, although signed, by mistake, with his own name only, and was to be paid out of the joint funds in the bank; and that as he might again, by mistake, draw similar notes or checks in his own name only, he would thank the officers of the bank to pay them out of the joint funds, if he should then have no funds in the bank in his own name; as they might, in such cases, take it for granted that they were drawn on partnership account. The question is not, whether the bank had confidence in the representations of the party who was seeking to pay what appeared prima facie to be his individual debt out of the joint fund; for we take it that, in order to justify the bank in charging the other partner with this check, it must have been in fact drawn for a partnership purpose; and the bank, in the face of the written evidence of its being an individual transaction, takes upon itself the risk of proving it to be so, in a contest with the other partner, by other evidence than the declaration of the party to be benefited by the payment of the check. Partners run risk enough, by the authority of each to use the name of the firm, without charging them, except upon decisive evidence, in cases where the name of the firm is not used. In this case, the evidence is of the slightest kind. It is only the declaration of the individual partner, who drew the check, that he might, by mistake, draw a check or note in his own name, instead of that of the firm; and that in such case, that is, where it was so drawn by mistake, the bank might presume it was a joint transaction. And from this evidence the jury was to be asked to presume that this check was drawn, by mistake, in the name of C. T. Coote only; and that it was, in fact, a joint transaction, in spite of the presumption arising from the facts, that it appeared upon its face to be an individual transaction; that it was given to take up a note drawn in the individual name of Mr. Coote, and discounted by the defendants, and the proceeds of the discount never carried to the

credit of C. T. Coote & Co. in the books of the defendants.

We think the court did right in refusing the instruction prayed by the defendants. The court gave no instruction to the jury on that point. The jury were left to draw their own inferences. In the case of Swan v. Steele, 7 East, 210, the name of the firm was used. So, also, in the case of Ridley v. Taylor, 13 East, 175. In Wood v. Braddick, 1 Taunt. 104, the letter of Cox, one of the partners, written after the dissolution was admitted in evidence, in an action against Braddick, the other partner, merely to prove the receipt of the goods by Cox, and the amount of the debt. The fact that it was a partnership transaction seems to have been proved by other evidence. Whatever, therefore, was said by the judges in that case, (which does not seem to have been very solemnly considered,) so far as relates to the question whether the declarations of Cox could be given in evidence against Braddick to prove that the goods were consigned to Cox, or received by him on the joint account, is a mere dictum; and that, directly contrary to the opinion of Lord Alvanley in the case of Petherick v. Turner, cited by the defendant's counsel; contrary, also, to the decision of the supreme court of New York, in the case of Walden v. Sherbourne, 15 Johns. 409; and in the case of Hackley v. Patrick, 3 Johns. 536. And in all the other cases cited from Mont. 31, and Gow, 59 and 67, the name of the firm was used; and it is in such cases only that it is necessary for the contending partner to prove collusion in the creditor. In page 60, Gow says, "In the hands of a person aware of, and collusively partaking in the fraud committed upon the partnership by the individual partner pledging the firm in a separate transaction without their consent, the joint security would not be available. In such a case it would be the same as if the debtor had pledged the fund of a stranger for his own debt, on his own assertion that he had authority so to do; if he had such authority the pledge would be good; but the creditor would take it at the peril of proving that authority, if it were afterwards denied. The power possessed by one partner, of binding his co-partners in joint transactions without their knowledge or consent, bears, in many instances, sufficiently hard upon partners; but it would be carrying their liability for each other's acts to a most unjust extent, if it were suffered that in a separate transaction one partner could pledge the credit of the firm."

It has been suggested, that Coote was the agent of the firm, and that his acts, as agent, bind the firm. But an agent can only bind his principal when acting within the scope of his authority, and his authority, in this case, cannot exceed his authority as partner; for it is only because he is said to be the acting partner that he is averred to be the agent of the firm. If he had any greater power it has not been shown. One partner has no authority to bind the firm for his own debt, even by the use of the joint name; and a fortiori, by the use of his own name; and his own declaration that it was a joint transaction, if such declaration had been sufficiently proved, is not evidence of that fact against the other partner. But it is said that the books of the copartnership were made evidence by being called for and examined by the defendants, and it is objected that the court suffered a witness to testify that he had examined the books, then in court, and lying before him, and that he could find no entry in them respecting the note and check which were the subject of controversy. The testimony of that witness is said to have been improper, and that the admission of it is ground for a new trial. But if the testimony were immaterial, or only in corroboration of other evidence to the same point which the court should deem to have been sufficiently established without that testimony, the court ought not to grant a new trial on that ground. As the books themselves were given in evidence and were then in court, it was sufficient for the plaintiffs to have averred that no such entry could be found in them; and the jury must, and, no doubt, would have presumed that fact, which, if not true, it was in the power of the defendants to show to be false by the books themselves. The averment made by a disinterested witness surely should not be of less avail than the averment made by a plaintiff himself. The testimony therefore was unimportant.

New trial refused by THE COURT (nem. con.), but THRUSTON, Circuit Judge, doubting.