Johnson, J.
delivered the opinion of the Court.
If the liability of the defendants depended alone on the legal effect of the letter to Irwin, of the 5th September, 1826, and the bill drawn in pursuance of it, bearing the same date, there is no question that they would be bound. That letter, although addressed to Irwin, contains an explicit and unqualified undertaking, on the part of the defendants, to accept a draft for $600, to be drawn by Elms in favor of any person, with whom he might negociate it, with a request that it might be made payable at ninety days. Elms drew the bill in conformity with the request, and the plaintiff, on the faith of the defendants’ loiter, bought it. Here was a promise to accept. If the defendants refused to accept, that promise was broken ; if they did accept, that imposed the obligation to pay, and that was broken by their refusal to pay: so that in either event their contract was broken.
Why then are they not bound to respond in damages'? As to the parties, and the subject matter, there were all the legal requisites of a contract. A notion seems at one time to have been started, that such a contract was void as nudum pactum; but that question was forever put at rest by the case of Pillans v. Van Mierop, 3 Bur. 1663. It is riot necessary to 1 he validity of a contract, that the party to be bound should derive a benefit. It s enough that the parly contracted with will be prejudiced, if it is not performed. Here, the plaintiff parted with the amount of the bill, and must sustain loss to that amount, unless the defendants are bound. Is it that the defendants are not bound, because liseir letter is addressed to Irwin, and not to the plaintiff? In Mason v. Hunt, Doug. 297, Lord Mansfield says, “If one man, to give credit to another, makes an absolute promise to accept his bill, the drawer, or any other person, may shew such promise upon the exchange to get credit, and a third person, who shoulri advance his money upon it, would have nothing to do with the equitable circumstances which might subsist between the drawer and acceptor.”
*525 An agreement to accept, although not an acceptance, is equally obligatory. It is, however, a reasonable presumption, that at the time the defendants wrote to Irwin, they acted upon the faith of funds belonging to Elms, which they either had, or , . . . , ® , , , , , , , , expected to have, m their hands, and which they could render available within the time, which the bill would have to run; or upon the faith of some other probable means of indemnity, with which they were satisfied. In the absence of any bill, or notice of its existence, the funds, if any existed, might be withdrawn, or the contemplated indemnity may have been dissipated. It was incumbent on the plaintiff, therefore, to have presented the bill for acceptance, or to have given notice of it, at least, within a reasonable time. I have not been able to lay my hand on any case prescribing what that time should be; nor is it necessary to be considered here, for there is no direct proof that the bill was ever presented, or notice given to the defendants of its existence. Independent of the written admission of Campbell, which I shall notice hereafter, the only facts relied on to prove presentation, or acceptance, are two letters written by Campbell, one to Alexander, directing him to pay to plaintiff’ any money he might have collected, and the other to the plaintiff himself, promising to pay as soon as possible. These letters are written by Campbell in his individual name, and not in the name of the firm ; aud the legal inference is, that they relate to dealings between himself, individually, aud the plaintiff. Nor do these letters contain any reference to this, or any other liabilities of the firm. Neither does Campbell, who was sworn by const nt, say, affirmatively, that the bill was ever presented, or accepted: he says, that “ he has no recollection that he accepted the bill before the dissolution of the partnership and if this be regarded as implying an acceptance at any time, no time is fixed. It might, have been on the day of the trial. There is no evidence, therefore, by which to determine, whether the bill was, or was not, presented within a reasonable time.
The opinion of the Circuit Court seems to have turned upon the question of fact, whether the bill was accepted before, or after, the dissolution of the copartnership between the defendants; but I attach no importance to that matler. If it was not accepted upon presentation, the contract created by the letter of credit rendered them liable, and the dissolution of the copará *526 uersbip would not discharge it. If it was accepted after the ^‘ss°bttion, and upon a presentation in a reasonable time, then *be acceptance was only pro tanto the discharge of an obligation, which the firm had incurred before; and no one, I presume, will question the right of a partner to do that, after the dissolution of the firm, which the firm were bound to do.
I will now proceed to notice the question, raised as to the rejection of the written acknowledgment of the defendant Campbell, that the bill had been accepted before the dissolution of the copartnership. From the very nature of the thing it results, ihat one partner cannot bind another by any new undertaking, after the dissolution of the copartnership. The bonds, which united, and rendered them identical, in relation to the affairs of the concern, are dissolved; and thenceforth they possess no more control over the separate concerns of each other, than before they entered into copartnership. But with respect to the unfinished business of the concern, their power to bind each other must be maintained, from the utter impracticability of ever bringing the business to a close without it. One partner could not receive, and give discharges, for debts due to them. If one paid money on account of a debt due by them, they might join in an action to recover it back, as money paid by mistake, unless it could be proved to be for a copartnership debt. On this principle, Heath, J. says, in Wood v. Bradsick, 1 Taunt. 104, that “ with regard to things past, the copartnership continues, and always must continue.” And in the same case it was ruled, that a letter of one partner, written after the dissolution of the copartnership, admitting a balance due by the copartnership on account, was admissible in an action against the company.
In the case of Simpson and Morrison ads. Geddes, 2 Bay, 533, the same point was ruled ; and, so far as I am informed, it has been followed in practice ever since. Veale v. Hassan and Archer, 3 M‘C. 278. 1 am aware of the eases of Hackley v. Patrick, 3 Johns. 536, and Walden v. Sherburne and Eakin, 15 Johns. 409, in which it was held, that the admission of one partner, after the dissolution of the copartnership, was not admissible, even iu relation to matters existing during its continuance ; but on examining these eases it is very apparent, that the first was not well considered, and that the last was predicated upon it, confessedly in opposition to the rale in England. *527 And upon considering the question in all its bearings, I am well satisfied, that our own rule, and the rule of the English Courts, is better calculated to promote the ends of justice, and to preserve the analogies of the law. One probable case will answer as a test. Suppose, that of any given number of partners, each separately acknowledges a debt due; now, according to the New-York rule, you are not permitted to give in evidence the declaration of any one, and the plaintiff must fail, although all-who are chargeable, admit the debt.
The written admission of the defendant, Campbell, having relation to a state of facts existing during the copartnership, although made after the dissolution, was admissible. I was, on the first view of this question, very much disposed to think, that the right to introduce this admission was waived by the subsequent examination of Campbell; but on looking more particularly into the report of the presiding judge, it seems to me to be obvious, that the plaintiff was driven to consent to, or propose his examination, as a witness, in consequence of the rejection of his written admission. This was an alternative, at best, dangerous to the plaintiff, and which was -forced upon him by the error of the Court. I think therefore that a new trial ought to be granted, and it is accordingly so ordered.
Colcock, J. and Evans, J. concurred.
Motion granted.