This was an action on a promissory note, given by the firm of J. Robinson Co., which did business in Macon County, and was composed of the defendant Siler and of James Robinson, the intestate of the other defendants. It was given to Walton, who was a merchant in Charleston, in South Carolina, for goods sold to the firm, and fell due on 8 September, 1837. The action was commenced on 15 February, 1843, and the pleas were the "general issue and the statute of limitations," and also, by Robinson's administrators, "fully administered." The (342) partnership was dissolved in 1838. For the purpose of taking the case out of the statute of limitations the plaintiff proved by a witness that he, the witness, was in Charleston in the Spring of 1842, and that Walton showed him this note, and remarked that it would be soon out of date, according to the law of South Carolina, and that something ought to be done with it; and that, thereupon, the witness told him that as the friend and neighbor of the makers he would make a payment on it, and, accordingly, then paid $5 on it; and in a few days thereafter the witness returned home and informed Robinson what had passed between Walton and himself, and Robinson replied thereto: "It is all right, and I will refund the money to you." The plaintiff also proved by the same witness that after the death of Robinson, and since the suit *Page 246 
was brought, in conversation about the debt and suit the defendant Siler said "the debt ought to have been paid long ago by Robinson, who was bound to pay it; that at the dissolution of the partnership Robinson took the stock on hand and the debts due the concern, and continued the business, and agreed to pay all outstanding demands against the firm; that it was a just debt, and ought to be paid by Robinson's estate, but that he did not think that he ought to pay it."
Upon this evidence the counsel for the plaintiff prayed the court to instruct the jury that if they believed it they ought to find for the plaintiff against all the defendants, upon the statute of limitations. But the court refused the prayer, and instructed the jury to find for the defendant Siler upon the plea of the statute of limitations; and they did so accordingly. They further found the debt, but that the other defendants, Robinson's administrators, had fully administered. From the judgment rendered thereon the plaintiff appealed to this Court.
If the case against Siler depended upon his (343) own acknowledgment only, there might be some hesitation in saying whether it was or was not sufficiently explicit as to his legal liability for the debt to repel the statute. The language is very strong as to the justice of the debt, and that it ought (then) to be paid. It is true, he added that it ought to be paid by Robinson, and that "he did not think" that he ought to pay; which was, certainly, no distinct refusal, any more than no distinct promise to pay the debt, but rather the expression of an opinion that Robinson ought to pay it, because, between themselves, it had been agreed that Robinson should do so. But upon a point of such consequence the Court is not disposed to decide the case, if there can be any doubt on it, when there is another point on which the decision must be for the plaintiff.
It was settled to be the law of this State, in McIntyre v. Oliver,9 N.C. 209, that an act of acknowledgment of one partner, after the dissolution of the partnership; which prevents the operation of the statute of limitations as to that partner will also prevent its operation as to the other partners. That case only followed the doctrine of the English courts in Whitcomb v. Whitney, Doug., 652; and it has been recognized as law in many subsequent cases in this State as well by the courts of other States.Willis v. Hill, 19 N.C. 231. Nothing is plainer than that making a payment on a note repels the statute. It is assuming the balance anew. That was substantially done in his recognition of the payment made by the witness expressly with the view of preventing the operation of an act of limitation. He went further, *Page 247 
by saying, after the note and the whole transaction in Charleston had been mentioned to him, "that was all right." Surely that is plenary evidence from which the jury might infer that the speaker meant to acknowledge not only that he gave the note, but that it was still a just debt, and that he was obliged and willing to pay it. Indeed, it was so felt and admitted to be on this trial; for the verdict was not in favor of Robinson's administrators, on the plea of the statute of limitations, but against them. Now, according to McIntyre v. Oliver andWhitcomb v. Whitney, if the case be taken out of the statute (344) as to one of the joint makers of the note by his acknowledgment, it is so as to the other; and, consequently, the verdict being, by Robinson's acts and declarations, rightly rendered against him, it ought legally to be rendered against the other joint maker and partner. Upon the evidence given, the verdict is legally inconsistent. Upon this ground we think there was error in the instructions to the jury.
PER CURIAM. New trial.
Cited: Lane v. Richardson, 79 N.C. 161; Green v. Greensboro College,83 N.C. 452; McDonald v. Dickson, 87 N.C. 406; Wood v. Barber, 90 N.C. 79;Wells v. Hill, 118 N.C. 908.