Judge Gbaham
delivered the opinion of the Court.
This is an-action of assumpsit by Harvey G. Nelsons against Jesse Daniel and William H. Nelson to recover-for services-rendered, labor and money expended, &c., upon a certain farm called “Hickman” of the defendants.. The trial .was had on the plea of non-assumpsit by defendant Daniel, We gather from the evidence introduced by Daniel, that one of the grounds of his defence to the action was that the plaintiff was a partner-in the farm, or at any rate was to be compensated for his services by receiving a portion of the crops raised on the farm. A.deposition of William H. Nelson, one of the defendants, given in a chancery suit pending between these parties, was, by permission of the Court, read to the jury on the part of the plaintiff. In this deposition he states that the plaintiff was not a partner in the farm, but on the contrary was, by contract made with the witness, to be paid a reasonable sum for his services, &c. This deposition seems to have ‘been’ taken-after the partnership between the defendants had been *317 dissolved, and after the plaintiff had notice of such dissolution. The defendant, Daniel, objected to the reading of the deposition as evidence against him, but the Court overruled the objection.
Though the verdict of the jury-might have been the same if improper testimony had not have been given, yet if the improper or illegal testimony was improperly admitted, and may have influenced the jury, the verdict will be set aside.
Although, if this deposition had been rejected and the jury had found the same amount of damages which they have rendered in their verdict, we might not have felt authorized to disturb it, yet we cannot say that the jury were not very much influenced in their verdict by this statement of William H. Nelson, nor that they might not reasonably have hesitated on the other testimony, before they would have found for plaintiff, as they have done. We think it is, therefore, necessary to determine whether the Court did right in not rejecting the deposition.
The witnesses, who on the trial deposed on the part of the plaintiff, prove that the plaintiff lived upon and superintended the “Hickman farm,” and state their opinion of the value of his services. None of them state the terms upon which he undertook the superintendency of the farm. The witnessess on the part of the defendant, Daniel, prove the declarations of the plaintiff. One says plaintiff stated that he had purchased that place in partnership* with his brother William, but subsequently yielded his purchase. Another proves that plaintiff said he was to have half the hemp raised on the farm, and that was the prinóipal crop. Another states that the plaintiff claimed and received one half the hemp raised on the place; and another states that plaintiff sold one half the hemp, and said it was partnership property.
We have been thus particular in stating the evidence on this the main branch of the controversy, so that the principles of the law1 of evidence may the better be ap-. plied to the statements of the defendant, William H„ Nelson. He was not sworn as a witness on-the present trial, but his deposition taken from a chancery suit of himself against defendant Daniel, the deposition having been taken on the cross-bill of said Daniel against William H. and Harvey G. Nelson, was read - as evk *318 dence on the trial. This deposition was, therefore used as containing admissions made by one defendant and late partner, to affect the interest of his co-partner and co-defendant. He states, that the plaintiff never was a partner of the defendants in this suit; that the defendants were the sole partners in said farm, and the plaintiff was employed by the said William to attend the farm,-and was to be paid for his services, and Daniel afterwards approved of the arrangement.
The admissions after the dissolui0rship,thisPnot competent to charge the other fflarsñ.' 189; (6 S. 'Momo^thi)
'There are but few principles of evidence upon 'which ■ there has been more conflicting opinions of Courts than upon the question of the competency of such statements.
The English authorities state, .broadly, “that an admission made by one of two partners, after the dissolution of the partnership, is competent evidence to charge the other .partner:” (Chitty on Contracts, 261; Gow on Part., 81, 214; 3 Starkie, 1074.)
• This same principle has been sanctioned by several of the Courts in the United States. These cases relate almost exclusively to admissions of one partner to take a case out of the statute of limitations. Other Courts of this Union have dissented from this doctrine: (1 Peter, 373; 3 Johns. 536; 15 Johns. 409; 3 Mun. 191; 4 Mun. 215.)
This Court has, on several occasions, sanctioned the latter doctrine. The admissions of a partner, after the dissolution of the partnership, is no evidence against the firm: (1 Marsh. 189; 6 J. J. Marsh. 614: 3 B. Monroe, 266.) jn the case of 3 Mun. 197, the Court said, “that although the acknowledgement of a debt by. one or more of the partners of a mercantile firm, after the dissolution thereof, is competent to do away the bar of the act of limitations in an action brought against the firm; the existence of the debt being first proved by other testimony, or admitted by the pleadings; yet that such acknowledgment is not proper evidence of the existence of the debt, so as to charge the other partners.”
In the case now before this Court, the existence of the debt, as claimed by plaintiff against the defendants, *319 was the sole matter in contest. And although other evidence had been introduced tending to prove the plaintiff’s demand, yet their evidence, rebutted as it was, to some extent at least by the defendant’s witnesses, did not render the admissions of W. H. Nelson unimportant. It was calculated to make a decided impression on the minds of the jury, and may and probably did, to a considerable extent, influence them in their verdict. The question before us is, should the Court have sustained the defendant Daniel’s objection to the introduction of the deposition? Upon a careful consideration of the authorities on the subject,, we are unable to perceive any sufficient reason to justify us in now departing from the former adjudications of this Court. If the question were, for the first time, presented to this Court, we might perhaps, in view of the conflicting opinions of other Courts, have' some hesitation upon the propriety of rejecting such admissions; but whether we should so hesitate or not, we think the question ought to be regarded as settled by decisions and long recognized practice of this Court, to which we have referred.
Daniel and Eginton for appellant; Hanson for appel-' lee.
We are of opinion that the Court erred in not sustaining the defendant’s objections to the admission of W. H. Nelson’s deposition as evidence in this cause, and that a new trial ought to have been granted to the defendant, Daniel, on his motion,
The judgment of the Circuit Court is, therefore, reversed, and the cause remanded to that Court, with directions to set aside the verdict and judgment, and award to the defendants a new trial, and for other proceedings not inconsistent with this opinion.