JAIRUS HART, RESPONDENT, v. FRANKLIN WOODRUFF, APPELLANT, IMPLEADED, ETC.

*Partnership — after its dissolution one partner cannot bind the other by stating an account.*

By the articles for the dissolution of a firm consisting of two partners the business was to be liquidated at the firm store, and all the partners were to assist and were authorized to sign in liquidation. Thereafter one of the partners, without the knowledge or consent of the other, made out and sent to the plaintiff a statement of the account due to him from the firm.

In an action upon this as an account stated, *held,* that it was binding only upon the partner making it, and not upon his co-partner.

APPEAL from a judgment in favor of the plaintiff, entered upon a verdict directed by the court, and from an order denying a motion for a new trial, made upon the minutes of the justice before whom the action was tried.

*Nash & Holt,* for the appellant.

*Daniel T. Walden,* for the respondent.

DYKMAN, J.:

The defendants constituted the firm of Woodruff & Robinson, which dissolved on the 1st day of March, 1875. At the time, the firm was indebted to the plaintiff for money, and the claims rested in account on the defendants' books. By the articles of dissolution the business of the firm was to be liquidated at the store of the firm, and all the partners were to assist in such liquidation and were authorized to sign in liquidation. On the 27th day of August, 1875, about six months after the dissolution of the firm, by direction of Jeremiah Robinson, one of the defendants and one of the members of the old firm, the following account was made out and sent to the plaintiff :

" MEMORANDUM.

NEW YORK, *August* 27, 1875.

From WOODRUFF & ROBINSON, 14 Coenties slip.

To Mr. JAIRUS HART.

| | | | | |
|---|---|---|---|---|
| March 1, | 1874. By account rendered | | $3, 653 | 30 |
| March 1, | 1875. By interest one year | | 255 | 73 |
| | | | 3, 909 | 03 |

September 29, 1874. To draft, Third street,
  due October 4, 1874 ................ $2, 400 00
March 1,     1875. To interest, 147 days,     67 66
                                         ————— 2, 467 66

                                                $1, 441 37 "

The plaintiff and one Youngs had a large balance of money with Woodruff & Robinson at one time, which was divided on their books, part going to the credit of Youngs and part to the credit of the plaintiff, and forming the basis of this account rendered. This action was commenced in the summer of 1880 on the account as a stated account. The defendant Woodruff had no knowledge of the rendition of the account, and did not authorize it. He alone defended. The only proof offered on the part of the plaintiff was this agreement of dissolution and the account rendered; and the court directed a verdict for the plaintiff, and afterwards refused to set it aside. The question then presented is, whether Robinson, one of the members of the old firm, had power to bind the defendant Woodruff by stating an account from which the law implies an agreement to pay the amount shown to be due. During the continuance of a co-partnership, each member of the firm, within the scope of the partnership, is deemed the authorized agent of all his associates, but this presumed agency ceases, for most purposes, with the termination of the partnership, and only continues for such purposes as are necessary in winding up the business of the association. After dissolution there is no power to make new promises or contracts or admissions in the name of the firm, even though they do not increase the prior obligation of the partners. The only power thereafter remaining to act for the firm

is to sell and dispose of the property, collect, adjust and pay debts, and give discharges and acquittances. Particularly is it well settled that the dissolution of a firm annuls the power of the respective partners to contract new debts or create new obligations against the co-partnership. In the case of *Hackley* v. *Patrick* (3 Johns., 536), the notice of dissolution contained a statement that the unsettled business of the firm would be adjusted by Hastie, and he stated and acknowledged a balance of account due from the firm to the plaintiff, and yet it was held that such admission did not bind his co-partner; and the court said, this is a clear case, after dissolution of co-partnership the power of one party to bind the other wholly ceases. There is no reason why his acknowledgment of an account should bind his co-partners any more than his giving a promissory note in the name of the firm, or any other act. The plaintiff ought to have produced further evidence of the debt; the acknowledgment of Hastie alone was not sufficient to charge Patrick." In the case of *Sanford* v. *Mickles* (4 Johns., 224), it was decided that one partner, after a dissolution of the co-partnership, cannot indorse notes or bills given before to the firm, though he is authorized to settle the co-partnership concerns. In the case of *Walden* v. *Sherburne* (15 Johns., 409), the case of *Hackley* v. *Patrick* (*supra*), was approved even against a contrary decision of the Court of Common Pleas in England, and it was there held that an admission by one partner, after dissolution, of a balance due from the firm, does not bind the co-partners. In the case of *Baker* v. *Stackpoole* (9 Cow., 420), the Court of Errors decided unanimously that the admission of one partner, either of an account or any fact made after the dissolution of the partnership, is not admissible as evidence to affect any other member of the firm, and in the only opinion delivered it is said "a distinction was attempted upon the argument between the admission of an account and the admission of a fact; but I can perceive none in principle." All of these cases received the approbation of the Court of Appeals in the celebrated case of *Van Keuren* v. *Parmelee* (2 Comst., 523), and it was there said "each partner, when acting within the scope of the partnership, is deemed to be the authorized agent of all his fellows. * * * Now how long does this presumed agency continue? Clearly no longer than the necessity for it exists; and

for most purposes the necessity ceases with the termination of the partnership. When that is dissolved there is no longer any ground for presuming an agency, except as to such things as are indispensable in winding up the concerns of the company. If there be no agreement to the contrary it may be presumed that each partner still has authority to dispose of the partnership property, to collect, adjust and pay debts and give proper acquittances. But there is no ground whatever for presuming a power to make new promises or engagements in the name of the firm, even though they only change without increasing the prior obligations of the partners." These words are sufficiently applicable to this case to have been written with direct reference thereto. The foregoing examination shows that neither on principle nor authority was the party who stated this account authorized to involve the defendant Woodruff thereby. But it is claimed for the plaintiff that a new authority was communicated to each partner by the provision in the articles of dissolution, that all the partners were to assist and sign in liquidation. This provision, however, bestowed no new or additional authority or power. The use and repetition of the word liquidate in these articles has no especial significance. The plain intention of the paper was to confer authority on each partner to wind up and settle up the old business. Precisely that they all had without this provision. There must be some one to adjust the affairs of the concern, by collecting its debts and disposing of its property, and dividing the proceeds among the parties entitled; and where, as in this case, none of the parties are specially empowered for this purpose, to the exclusion of the others, the individual partners retain the same authority which they possessed before the dissolution, so far as it may be necessary for such purpose. (*Robbins v. Fuller*, 24 N. Y., 572) To the same effect is the opinion in the case of *Gates v. Beecher* (60 N. Y., 525). Our conclusion, therefore, is that these defendants took no authority under the articles of dissolution beyond that with which the law would have clothed them; that the statement of the account was an admission obligatory only on the partner making the same, and not on the defendant Woodruff; and that the admission of the same in evidence against him was error, for which the judgment must be reversed.

Judgment reversed and new trial granted, with cost to abide the event.

BARNARD, P. J., concurred; GILBERT, J., not sitting.

Judgment and order denying new trial reversed and new trial granted; costs to abide event.