H..G. SPRINGS v. J. W. McCOY et al.

*Action for Money Paid at Request of Defendant—Note—Payment by Accommodation Endorser—Implied Promise to Repay.*

Where plaintiff, at the express request and for the benefit of defendants, endorsed a note executed by a third person for the benefit of, but not payable to, defendants, and, upon the insolvency of the makers, plaintiff was compelled to pay the note under a judgment thereon against him, the law will imply a promise by defendants to repay him.

CIVIL ACTION, tried before *Norwood, J.*, and a jury, at March Term, 1897, of MECKLENBURG Superior Court.

The plaintiff tendered the following issue, which was adopted by the court:

"Are the defendants indebted to the plaintiff, and, if so, what is the amount of the indebtedness?"

The plaintiff offered in evidence a note signed by E. F. McCoy and B. L. Wedenfeller, payable to W. B. Gooding, city tax collector, for $250 due October 1, 1895, endorsed by the plaintiff, H. G. Springs.

The plaintiff offered himself as a witness, and plaintiff's counsel stated that they proposed to show by the witness that the defendants, J. W. McCoy and A. R. Bowles, were partners, and that J. W. McCoy was the managing partner; that J. W. McCoy brought said note to the plaintiff, Springs, and told him that the note was given to secure a debt due by the co-partnership, and asked him to sign the note for the benefit of the firm of J. W. McCoy and A. R. Bowles, the defendants in this action; that plaintiff did so sign it at the request of the said McCoy, and solely for the benefit of the partnership business; that the note was thereafter used for the benefit of the partnership by being delivered to the city treasurer to secure the license tax of

120—53

defendants; that thereafter plaintiff was sued upon this note, and judgment was taken against him, and plaintiff was compelled to pay and did pay that judgment; that when plaintiff approached A. R. Bowles, one of the defendants in this suit, in regard to paying this debt, said Bowles said that it was a partnership debt, and that his partner ought to have paid it out of partnership funds which he had had in his hands, but which he had converted to his individual purposes in paying for a lot for himself; that plaintiff has made a demand of payment on the partnership, and they have refused to repay plaintiff. The plaintiff also proposed to show that the signers, E. F. McCoy and B. L. Wedenfeller, are insolvent, and that this note is one of three of the same amount, given at the same time, signed and endorsed in same way, and that defendants have paid the other two.

Defendants objected to all this testimony as offered. Objection sustained and plaintiff excepted.

The court, having announced the opinion that the plaintiff could not recover *upon this testimony*, in deference to the intimation of his Honor the plaintiff submitted to a non-suit, and appealed.

*Messrs. Jones & Tillett*, for plaintiff (appellant).
*Messrs. Osborne, Maxwell & Keerans* and *Clarkson & Duls*, for defendants.

MONTGOMERY, J.: If there was any error committed by the court below, it is one of practice and of so slight importance and consequence that we are unwilling to remand the case for a new trial. No possible injury could have been sustained by the defendants in the matter complained of. It would have been more regular if the witness had been asked such questions as were calculated to show that

he had endorsed the note, the circumstances attending the endorsement, i. e., that he had endorsed it at the request of the defendants and for their benefit, and his payment of it by the judgment of the law. The note could then have been proved and received as evidence of the endorsement and in corroboration of the witness. This is, however, not the defendant's appeal, and the plaintiff, of course, had nothing to appeal from as to the manner of the introduction of the evidence because his Honor admitted it. The plaintiff's appeal is from the judgment of non-suit taken in deference to the intimation of his Honor that the plaintiff could not recover upon the testimony as received. So the real question in the case is, does the testimony offered and received, conceding it to be true, constitute a cause of action against the defendants and render them liable to the plaintiff as alleged in the complaint? We are of the opinion that the matters contained in the evidence, if true, make the defendants liable to the plaintiff on the cause of action set out in the complaint. The note, though executed by other persons than the defendants, was, according to the evidence, made for the benefit and advantage of the defendants; it was endorsed by the plaintiff at the express request of the defendants.

The maker of the note had no interest in it at any time and received no consideration for it. Of course, the fact that the makers received no consideration would not affect their liability to the payee, but it turned out that they were insolvent and the debt fell upon the plaintiff, who paid it after judgment was recovered against him for the amount. The testimony, if true, showed the payment by the plaintiff was for the use and benefit of the defendants under such circumstances as that the law will imply a promise to repay on the part of the defendants. *Burns* v. *Parish*, 3 B. Mon. (Ky.), p. 3. The judgment of non-suit is reversed and there must be a new trial.        New Trial.