H. G. SPRINGS v. J. W. McCOY et al.

(Decided April 26, 1898).

*Action for Money Loaned—Note—Endorser—Partnership.*

Where one endorsed a note at the request of a member of a firm for the purpose of obtaining money for the use of the firm, and the proceeds were so used, the endorser, upon payment of the note, can recover therefor against the firm, though no member of such firm signed the note.

CIVIL ACTION tried before *Hoke, J.*, and a jury at October Term, 1897, of MECKLENBURG Superior Court, upon the issue, "Are the defendants indebted to the plaintiff, and if so, how much?"

There was a verdict for the plaintiff, and from the judgment thereon the defendants appealed.   The facts appear in the opinion.

*Messrs. Jones & Tillett* for plaintiff.

*Messrs. Osborne, Maxwell & Keerans* for defendants (appellants).

MONTGOMERY, J.:   The plaintiff commenced this action to recover of the defendants $250, with interest, which he had been compelled to pay on their account to

the city of Charlotte.    The defendants were partners in trade, and in 1895 procured E. F. McCoy to take out, in his own name, a license to retail liquor from the authorities of the city of Charlotte, under which they intended to, and did afterwards, sell liquor themselves for their own benefit and advantage.    The license charged was not paid in cash, but through the courtesy of the Board of Aldermen or the treasurer of the city, in lieu of cash, several notes were given and received, each in the sum of $250, payable to W. B. Gooding, treasurer of the city, with interest after maturity, the consideration expressed being *money loaned.*    These notes were signed by E. F. McCoy and B. L. Wedenfeller, as principals, and were endorsed by the plaintiff.    The plaintiff in his complaint alleged that he endorsed these notes at the request of the defendants and for their benefit, and that he was compelled to pay one of them at the suit of the city of Charlotte against him, the makers of the note being insolvent.    There was evidence going to show that the plaintiff endorsed the note at the request of J. W. McCoy, one of the partners, and that J. W. McCoy at the time of the endorsement stated to the plaintiff that the note was to be used by the firm to procure from the city the license to sell liquor for the year 1895.    The plaintiff had leased the house in which the liquor was to be sold, to the defendants, and it was there that the plaintiff endorsed the note at the request of J. W. McCoy.    The defendant, Bowles, testified that he did not take out the license himself, but that he left that for his partner. J. W. McCoy, to do.    He admitted that liquor was sold by the defendants under the license obtained by E. F. McCoy, and that he (Bowles) with his own hands sold liquor.

His Honor instructed the jury in part as follows:

" The issue for the jury to determine is, Are the defendants indebted to the plaintiff, and if so, in what amount? The burden is on the plaintiff to satisfy the jury by the greater weight of evidence that the defendants are indebted in such amount as they may recover. If the jury find from the greater weight of evidence that the defendants were partners, selling liquor in Charlotte in 1895, and that they sold whiskey during the said year under the license taken out in the name of E. F. McCoy, for which the note was given, and this note was endorsed by the plaintiff at the request of J. W. McCoy, one of the partners,. and for the accommodation of the firm, and the note was for license under which the firm were to sell and did sell whiskey, and the plaintiff was forced to pay said note by a suit on the part of the city, the payee, then both defendants, members of the firm, are responsible to the plaintiff, and must reimburse him the amount he is out of pocket, and in such case the jury should answer the issue, Yes, $272.88, with interest from August 12, 1896."

The defendants excepted to that part of the charge. There was no error in the instruction. If the consideration for which the note was executed inured to the benefit of the defendants, and the note was endorsed by the plaintiff at their request and for their benefit, certainly the law would raise a promise by implication on the part of the defendants to pay the plaintiff the amount which he was compelled to pay to the city on account of the endorsement. *Springs* v. *McCoy*, 120 N. C., 417.

J. W. McCoy was, according to the evidence of Bowles himself, the managing partner at the time the endorsement was made, and he, Bowles, left it to J. W. McCoy to take out the license—in his own words, " I did not

take out the license myself, but I left that for J. W. McCoy to do." This is not the case of one partner borrowing money upon his own credit and giving his own personal obligation for the amount, using the same in the partnership business, as was the case in *Willis* v. *Hill*, 19 N. C., 231. Here, the act of J. W. McCoy was the act of partnership, and the benefit was intended to accrue, and did accrue, to the advantage and benefit of the partnership.

The special instructions asked by the defendants were merely the contrary of the principles laid down by the Judge in his instructions, and we, having approved of the charge of his Honor, have, therefore, approved of his ruling in refusing to give the defendants' instructions.

Affirmed.