ALBANY,
Oct. 1827.

Hopkins *against* Banks, impleaded with William and Stephen Gould.

Motion, in behalf of the defendants, to set aside a report of referees. On the hearing, the plaintiff proved that in 1816, he printed for the defendants to the amount of $1179 09.

The defendants proved that the plaintiff had been discharged under the act to abolish imprisonment for debt in certain cases, on the 13th of August, 1821, when he made an assignment of his estate for the benefit of his creditors. To remove this difficulty, the plaintiff gave in evidence an assignment made by him on the 28th day of October, 1816, to Jonathan Seymour and John Thompson, of all his property and effects, including outstanding debts, for the payment of certain notes and sums of money mentioned in a schedule annexed; and, among others, several notes were mentioned as about to become due to the defendants.

As a set-off, the defendants proved an account of $594 26; the last item charged on the 21st of April, 1819. They also proved four notes, amounting, in the whole, to $345, all dated and payable in 1816. These notes were admitted to be properly chargeable.

*The defendants also claimed, as a set-off, two other notes given to them by the plaintiff; one dated May 16th, 1816, at 60 days, for $160; the other dated July 27th, 1816, at 3 months, for $200. The plaintiff objected that these notes were not chargeable against him; and called Seymour, one of his assignees under the assignment of 1816, to prove this. Seymour was objected to by the defendants, as incompetent on the ground of interest; but he was admitted. Whether this action was commenced with his knowledge and approbation, the evidence, as it was now stated to the

An assignment under the insolvent act, will not pass any interest in a chose in action which was before voluntarily assigned by the insolvent. But the insolvent cannot bring a suit for such chose in action, without the assent of his previous assignee.

Having sued with his assent, the assignee is not a competent witness for the plaintiff; for he is liable to the defendant for costs, on the plaintiff's failure.

[*651]

After a dissolution of partnership, the admission of one of the firm is not evidence against his former co-partners, except to avoid the statute of limitations.

On a motion to set aside the report of referees against partners, whose firm

was dissolved before the suit brought, the affidavit of one of the firm admitting the report to be just, is inadmissible.

On such a motion, no evidence can in general be heard, except what was submitted to the referees.

Such partner may be sworn before the referees by mutual consent.

court by the depositions, was contradictory. Thompson, named as the other assignee, had not acted as such, nor authorized this suit; and had died some time before the hearing.

As to the note of $160 ; J. W. Mulligan testified, that he had indorsed it at the request of Stephen Gould. He had an impression, that a note of Hopkins of $160 was made for the purpose of being discounted; but he did not know for whom; nor had he any knowledge of the consideration of the note.

Stephen Gould, one of the defendants, had made an affidavit to oppose this motion, by which it appeared that the two notes claimed as a set off were made without consideration, and for the accommodation of the defendants. But it also now appeared that the partnership between the defendants, against which the plaintiff's claim arose, was dissolved long previous to the commencement of this suit; and that Stephen Gould had been much at variance with Banks and William Gould, the other partners. Circumstances were also now proved by affidavit tending to show collusion between S. Gould and the plaintiff, to charge Banks and W. Gould.

The referees reported for the plaintiff $239 83.

*W. T. M'Coun,* for the motion. The plaintiff had assigned the claim in question under the insolvent act; and therefore could not maintain this action in his own name. The suit is not for the benefit of the assignees of 1816; and the plaintiff should not be allowed to avail himself *of that assignment. In this way the defendants may be made twice liable. A recovery in this suit will not protect them against the assignees in a suit for the same demand. (16 John. 51.)

But if the suit can be considered one for the benefit of the assignees of 1816, then Seymour, one of those assignees, was an incompetent witness. He is liable for costs. (4 Cowen, 460.)

*J. Dunlap,* contra. The assignment under the insolvent act could not affect this claim, which had before been as-

[*652]

signed. It is not for the defendants to object that Hopkins is a party to the action. That must be taken as correct, the legal interest being in him. (10 John. 400; 11 id. 488.) If the defendants are obliged to pay twice, it will be their misfortune.

Seymour could neither gain nor lose by the event of the suit. If he consented to the suit, it being in good faith, his liability for costs was contingent. (4 Cowen, 548.)

The affidavit of S. Gould is conclusive; and may, therefore, be received now for the first time. (2 Caines, 224.) He would be a competent witness on a re-hearing. (1 Taunt. 378.) His declaration may be received in evidence. (11 East, 578; 1 Taunt. 104; 6 John. 267.) Or if it is to be rejected on account of the dissolution, within the case of *Walden* v. *Sherburne*, (15 John. 409,) that case does not preclude his oath.

*M'Coun*, in reply. The affidavit of S. Gould, does not relate to any thing which took place at the hearing before the referees; and is, therefore, clearly inadmissible. We have had no opportunity of meeting and doing away its force. The gentleman has truly told us in his practice, " that there would be extreme danger in permitting a party to read affidavits, which the opposite side has had no opportunity to rebut; and thus decide the cause *ex parte*, when on a trial, every thing contained in the depositions might be disproved." (2 Dunl. Pr. 684.)

*Curia*, per WOODWORTH, J. The plaintiff's demand did [\*653] not pass by the assignment of 1821; for the reason that it had been previously assigned; but if this suit was commenced without any authority whatever from Seymour, the plaintiff had no right to proceed. I am inclined to think, however, from what appears, that Seymour did not object to the suit being prosecuted; and if so, it must be considered for his benefit as assignee, and to enable him to execute the trust reposed in him by the assignment. The plaintiff, for aught that appears, is a nominal party; his name being necessary to conduct the proceedings according

to law. If, then, Seymour is to be considered as a trustee, was he not interested? He had no interest in the money to be recovered; but, I apprehend, in case of failure, he would be liable for the costs, on application for a rule against him, directing him to pay them. This constitutes an interest, which, it seems to me, should have excluded him. His evidence went strongly to show that the defendants ought to have taken up the note of 200 dollars.

Neither the evidence contained in Stephen Gould's deposition, nor any admission of his, appears to have been before the referees. It cannot, therefore, be regarded in deciding on the report made. Besides, as the co-partnership of the defendants was dissolved before the commencement of this suit, the admission by one, of their joint liability, is not competent evidence, unless for the purpose of avoiding the statute of limitations. (3 John. 536; 6 John. 267.) If Stephen Gould had been sworn before the referees by consent, and had testified to the facts contained in his deposition, the evidence would have been competent.

But it is contended, that if the report be set aside, enough appears to show that the result would not be varied. This argument is founded partly on the fact that the referees made no allowance of interest to the plaintiff. If this be granted, and that the plaintiff was entitled to interest on such balance as remained, after deducting the set-off, *still it will be seen that if the two disputed notes are allowed, no balance would be due to the plaintiff. From the evidence before us, enough does not appear to authorize the court to reject these notes. They appear to be the principal subject of contention between the parties; and probably may be satisfactorily explained, should the cause be sent back to the referees.

[*654]

I am of opinion that the report of the referees be set aside; the costs to abide the event.