### R. PATTERSON *vs.* W. CHOATE, impleaded with P. Patterson.

The acknowledgement of a previous debt due from a firm, made by one partner after the dissolution, binds the other partner so far as to prevent him from availing himself of the *statute of limitations;* such acknowledgement is admissible to repel the presumption of payment of a debt which is shown to have once existed against the firm, although not competent to create a debt; *so held* in this case, where the admission was made 12 years after the dissolution.

Entries in the books of account of the firm, in the hand writing of one of the partners, exhibiting a *debit* and *credit* side of an account, from which it appears a balance is due from the firm, although no balance is struck in the books, is proof sufficient of the original indebtedness, and entitles the creditor to interest from the time that the parties inspected the accounts while in that situation.

Where the testimony was that the partner said that the balance was due at the time of the dissolution, and had not been paid to his knowledge, and then the witness added, on examination, that the expression was "that the balance was due at the time of the dissolution, and still is due," or "that it was then due, and had never deen paid;" *it was held,* that it amounted to an admission of a subsisting indebtedness.

THIS was an action of *assumpsit,* tried at the Genesee circuit in April, 1830. The declaration contained a count for goods sold and delivered, the common money counts, and an *insimul computassent.* The defendant pleaded the general issue and the statute of limitations. The plaintiff replied a new promise.

Choate and Patterson, the defendants, were co-partners as merchants in New-Hampshire, where the plaintiff also resided, and where the defendants have continued to reside. The partnership of the defendants was dissolved about the 20th July, 1817. While the partnership continued, they had dealings

with the plaintiff, and upon their books stood an account with the plaintiff, consisting of various items of *debit* and *credit*, principally in the hand writing of Choate, the *debit side* of the account being $68,61, and the *credit side* $107,33; the last item of credit was under date of 9th July, 1817. Shortly previous to the dissolution of the firm, the plaintiff called and wished to look over the accounts between him and the defendants. which was accordingly done by the plaintiff and one of the defendants. Previous to this examination, the accounts were footed, but the sums were not subtracted from each other; and what was done, or whether any thing, when the accounts were looked over by the parties, did not appear. In 1829, one George W. Patterson, at the request of the plaintiff, and by the consent of P. Patterson, one of the defendants, drew off the accounts from the book; and when he had done so, he asked Patterson, the defendant, if the difference between the sum of $107,33, the amount credited upon the book to the plaintiff, and the sum of $68,61, the amount charged upon the book against the plaintiff, would be the amount which was due to the plaintiff. Patterson said that the balance between the two sums was due to the plaintiff at the time of the dissolution of the co-partnership, and that it had not been paid to his knowledge. The witness who proved this admission, on being questioned by the plaintiff's counsel, said that the expressions used by Patterson were " that the balance was due at the time of the dissolution, and still is due," as he thought; it might have been " that it was then due, and had never been paid." The plaintiff also proved that the interest upon the difference between the two sums from the 9th July, 1817, to the 7th May, 1830, was $34,76, and rested. The counsel for the defendant Choate, who alone was brought into court, moved for a *nonsuit*, insisting that the plaintiff had not proved such an acknowledgment of indebtedness as would take the case out of the statute; that the declarations of the defendant Patterson did not amount to an acknowledgment of the plaintiff's demand, and if they did such declarations could not affect Choate, being made subsequent to the dissolution of the co-partnership. The presiding judge refused to nonsuit the plaintiff, and charged the jury that the plaintiff was entitled to recover the

difference between the debit and credit side of the account, and the *interest* thereon, from the 9th July, 1817. The counsel of *Choate* excepted to the opinion and charge of the judge, and the jury found a verdict for the plaintiff for $73,48, the amount of the difference, and the interest thereof. The defendant Choate moved for a new trial.

ALBANY,
Oct. 1831.

Patterson
v.
Choate.

*J. L. Wendell,* for the defendant, insisted that no act or declaration of Patterson, *subsequent* to the dissolution of the partnership, could affect Choate so as to render him liable to the payment of any debt whatever, to which he would not be liable independent of such act or declaration. After a dissolution, partners are so disunited in interest that one cannot, by any contract or engagement, implicate the other; Gow on Part. 274, 310; 3 Johns. R. 536; id. 424; 6 Cowen, 653; 9 id. 420; and if a partner cannot *create* a debt by his admission, he cannot *revive* it when barred by the statute, for he cannot do *indirectly* what he is not permitted to do *directly.* A different opinion it was conceded had prevailed, both in England and here, resting with us upon the authority of two cases, viz. *Smith* v. *Ludlow,* 6 Johns. R. 267, and *Johnson* v. *Beardslee's heirs and devisees,* 15 Johns. R. 3. The counsel said he hoped to shew that neither of those cases were binding upon the court as authority; what was said in the first upon this question not being called for by the circumstances of the case, and the second case evidently not having been fully considered, not having been argued, and the decision of the court being based upon two English cases, one of which had been overruled in that country, and the other, after being repeatedly questioned and frittered away by subsequent decisions, was finally put at rest by an act of parliament; and besides, that by the decisions of most respectable courts in our own country, those two English cases, viz. *Whitcomb* v. *Whitney,* Douglass, 652, and *Jackson* v. *Fairbank,* 2 H. Black. 340, had been pronounced to be unsound law. But he was stopped by the *Court,* who said that the question was not open for discussion in this court; that here the law was considered as settled, that though one partner, after the dissolution, cannot bind the other by any new

contract, yet his acknowledgment of a previous debt due from the partnership, will bind the other partner so far as to prevent him from availing himself of the statute of limitations ; that such acknowledgment is admissible to repel the presumption of payment of a debt which is shewn to have once existed against the firm, although not competent to create a new debt. The counsel then urged, that even within the principle thus established, the acknowledgment of *Patterson* was not sufficient to bind *Choate*. 1. There was no legal evidence of a previous debt ; a balance appearing on the books of the defendants was not enough. Such entries are mere memorandums, and not evidences of debt *per se*, either for or against parties ; unaccompanied by admissions of indebtedness, they amount to nothing ; there may be receipts or accounts not posted, which would more than liquidate the apparent balance—at least the *books* should have been produced as the highest evidence. 2. If the acknowledgment be considered evidence of a *previous* debt, the admission of *Patterson* was not sufficient to take the case out of the statute ; the mere saying that the apparent balance had not been paid *to his knowledge* is not enough, 8 Cranch, 72 ; 5 Conn. R. 486. 3. Payment ought to have been *presumed ;* 12 years elapsed from the time of the dissolution until the time of the admission. In 3 Johns. R. 268, Chancellor Kent expressed the opinion, that to stale demands of this kind the presumption of payment ought to attach. Such presumption attaches to bonds and mortgages after a lapse of a period less that 20 years, 7 Johns. R. 556 ; 10 id. 381 ; and in analogy to such rule, simple contract debts should be presumed paid after a lapse of 12 years. *Interest* was not recoverable, the account being unliquidated ; although the *debit* and *credit* sides of the account were footed, no balance was struck when the parties were together in 1817.

*J. A. Spencer*, for plaintiff. The defendants residing *abroad*, that is, without this state, the statute of limitations does not run against the plaintiffs demand. The evidence of the original indebtedness was *prima facie* sufficient, 15 Johns. R. 409 ; no objection was taken at the trial to the non-produc-

tion of the books of account, and cannot now be insisted on ; and as to the admission by Patterson, it is amply sufficient within the adjudications upon that question—he not only said that the balance had not been paid to his knowledge, but also that it was due, and had never been paid. No objection was taken to the claim for *interest*, but had it been insisted on, the proof clearly shewed a balance.

*Wendell*, in reply. The plaintiff cannot rely upon the non-residence of the defendants to save the statute, not having *replied* such *non-residence*, but a new promise.

*By the Court*, SUTHERLAND, J. The original indebtedness of the firm of Choate & Patterson was satisfactorily establish-ed by the testimony of George W. Patterson. The fact of a *balance* due to the plaintiff was shewn by entries made in the defendant's own books of account before their dissolution, in the hand writing of one of the defendants. It was expressly held in *Walden & Sherbune* v. *Eakin*, 15 Johns. R. 409, that entries made by one of the partners, during the partnership, in their books of account, are admissible evidence against both. No objection was made at the trial to the competency of this evidence ; it does not appear even to have been suggested that the books themselves should have been produced.

It has been repeatedly held in this court, that though one partner after the dissolution cannot bind the other by any new contract, yet his acknowledgment of a previous debt due from the partnership, will bind the other partner, so far as to prevent him from availing himself of the statute of limitations. It is admissible to repel the presumption of payment of a debt which is shewn to have once existed against the firm, al-though not competent to create a new debt. In *Smith* v. *Ludlow*, 6 Johns. R. 267, and in various other cases in this court, this principle has been recognized.

The acknowledgment was sufficient to raise a new prom-ise. The witness first stated it as follows : that Patterson said " that the balance, as exhibited by their books of account, was due to the plaintiff at the time of the dissolution of the copartnership, and had not been paid to his knowledge." Up-

on being interrogated by the plaintiff's counsel, he said the expression used by Patterson was " that the balance was due at the time of the dissolution, *and still is due*," as witness thought. It might have been " that it was then due, and had never been paid;" either version of it amounts to a clear and explicit admission of a substituting indebtedness.

Interest was properly allowed. The account was liquidated, and the balance due exhibited on the books of the defendant. The evidence shews that the plaintiff, with one of the defendants, examined the account as stated, and his assent to its accuracy is fairly to be implied.

Motion for new trial denied.