## CASE v. HOTCHKISS.

### March, 1867.

In an action by an attorney retained to conduct a cause pending in court, for compensation for the services employed, evidence that there were in fact no merits in the case he was engaged to present, is irrelevant.

Nor is it material that an appeal, for the argument of which he made a charge, was not actually argued.

An account rendered by an attorney to his client, containing his charges for professional services, if retained without objection, becomes an account stated, and draws interest from the time when it was rendered.*

James H. Case sued Hiram G. Hotchkiss, in the supreme court, to recover on a bill for attorney's services.

The complaint alleged that defendant was indebted to Van Marter & Lyon, who were copartners in business as attorneys, &c., for services rendered, and money paid, for, and at the request of defendant, in conducting the defense of an action brought by one Mary Ann Woodward against defendant; (stating the amount, and a demand made), and that the account had been assigned to plaintiff, who accordingly demanded judgment therefor.

The answer, beside a denial, and an allegation of a defense not necessary to notice, admitted that the disbursements were made, but denied that the services were of any value; and alleged that by reason of negligence, unskillfulness and unfaithfulness on the attorney's part, in the conduct of the suit, defendant suffered five hundred dollars' damages, which he claimed to set off.

---

* Compare Graham v. Chrystal, reported in this this series. Mygatt v. Wilcox, 45 N. Y. 306 ; affirming 1 Lans. 55. But interest is not allowed on an unliquidated, running account, for which no time of payment is fixed. Hadley v. Ayres, 12 Abb. Pr. N. S. 240.

On the trial Mr. Van Marter testified that they employed counsel, and paid him ten dollars for arguing the cause at general term. He believed, but had no personal knowledge that the cause was argued at general term. The charge in the bill for the argument was thirty dollars.

Defendant asked the court to charge that as there was no proof of the value of the services, plaintiff could not recover; and that the rule as to costs between parties did not apply as between client and attorney; which the court declined to do. The jury found for plaintiff for the amount of the account with interest.

*J. H. Devoe,* attorney for defendant, appellant.

*Geo. H. Arnold,* for plaintiff, respondent.

BY THE COURT.—JOHN M. PARKER, J.—This is an action to recover for the services of the plaintiff's assignors, as attorneys and counsellors at law. Only two exceptions appear in the case to have been taken upon the trial, and these raise the only questions which we can consider.

The first was to the decision of the court sustaining the plaintiff's objection to the following question put by the defendant's counsel to the plaintiff's witness on cross-examination: " Was there anything to argue?" The question referred to the argument of an appeal at the general term, in an action which the plaintiff's assignors defended for this defendant. The witness (who was one of the assignors) had already testified that the appeal was taken under defendant's direction, which evidence was uncontradicted in the case, and that he and his partners had paid other counsel for arguing it at the general term. The manifest point of the inquiry was, not whether the case was before the general term in condition to be argued; but either whether there was any question presented for argument in the case as made, or whether there were any merits in the question presented to the court. Whatever was intended, the question was properly excluded. Whether the case presented to the court any question for its consideration, or whether the question presented had any merit or not, was quite immaterial, inasmuch as the attorneys had been employed by the defendant to carry the case to the general term, and were thereupon bound to see

that it received the attention necessary to obtain the decision of the general term, sought by the appeal. Neither was it material with reference to the question whether an argument was in fact had. The obligation of the attorneys to be in attendance, by themselves or counsel, was the same in either case, and the fact that there was nothing to argue in the sense intended by the question, would have been no proper ground of inference that it was not, in fact, argued, in the legal sense of submitting the case to the general term for decision.

Besides, this became a matter of no importance in the case, from the fact that it was subsequently shown that the amount was liquidated by the defendant's admission, and no question was made as to the amount.

The other exception is to the charge of the judge, in which he instructed the jury that they might allow interest upon the amount of the account. It appeared by uncontradicted evidence that the account, as claimed in the complaint, was rendered to the defendant, on January 25, 1859, and no objection was ever made to it, in respect to the amount or otherwise, prior to the commencement of the action, which was more than a year, and the trial was had more than two years after such presenta-. tion. The account was, I think, properly regarded as an account stated. Lockwood *v.* Thorne, 1 *Kern.* 170; Towsley *v.* Denison, 45 *Barb.* 490; Phillips *v.* Belden, 2 *Edw. Ch.* 1. Being so regarded, it drew interest from the time when it was liquidated; which was at the time when it was rendered, inasmuch as no objection was ever made to it. Walden *v.* Sherburne, 15 *Johns.* 409; Patterson *v.* Choate, 7 *Wend.* 441; Feeter *v.* Heath, 11 *Id.* 479.

On the merits, therefore, the judgment is clearly right, and should be affirmed.

But, moreover, the appellant, when the cause was reached on the calendar, neither appeared to argue, nor subsequently furnished papers for the court. For this reason, the respondent is entitled to an affirmance of the judgment, and I think also, to ten per cent. damages for the delay occasioned by the appeal.

All the judges concurred.

Judgment affirmed with costs, and ten per cent. damages.