ALBANY,
August, 1810.

SMITH
v.
D. & G. LUD-
LOW.

</div>

*Judgment for the plaintiff.*

---

SMITH, Administrator of WALKER, *against* D. and G. LUDLOW.

THIS was an action of *assumpsit.* The declaration contained seven counts. The defendant pleaded *non assumpsit ;* and *non assumpsit infra sex annos,* on which issue was joined.

Previous to the commencement of the suit, the plaintiff called on the defendant G. and requested a settlement of the account of the intestate, and the defendant G. then admitted the account, (marked A.,) dated *November* 30th, 1797, to have been made out by him, and said he thought the account of the defendants with *Walker*, had been settled by the other defendant, in whose hands the books of the partnership were ; and that he would see the defendant *D.* on the subject, and communicate the result to the plaintiff.

<div align="right">

D. and G. being partners, dissolved their partnership on the 31st of *December*, 1801, and gave notice, in the gazette, of the dissolution, and that D. was authorized to receive all payments, and adjust all accounts relative to the 'partnership. In *June*, 1808, A. presented an account between him and the partnership, to G., who said it was an account made out by him ; but he

</div>

thought it had been settled by D., who had the partnership books, and that he would see him ; and inform A. of the result. This was held a sufficient acknowledgment of the debt, to take it out of the statute of limitations.

D. having also, on the 1st of *January*, 1808, stated an account in the name of the partnership with A., admitting the debt due to A., it was held a sufficient acknowledgment of the debt, so as to take it out of the statute of limitations, and to bind the partners.

Though one partner, after the dissolution of the partnership, cannot bind the other, by any new contract ; yet his acknowledgment of a previous debt due from the partnership, will bind the other partner, so far as to prevent him from availing himself of the statute of limitations.

The plaintiff further proved, by the cashier of the bank of *New-York*, that no stock had ever been purchased and invested in the bank of *New-York*, in the name of *Walker;* that the defendant *D.*, after the dissolution of the partnership of the defendants, carried on business with other partners, under the same firm of *Daniel Ludlow and Co.*

The plaintiff further gave in evidence an account, dated *January* 1st, 1808, signed by *D. Ludlow and Co.*, which was objected to, as being made out and signed by *D. Ludlow*, after the dissolution of the partnership.

The defendant *G.* objected to the whole of the evidence, as insufficient to take the case out of the statute; and proved, that the partnership of the defendants was dissolved on the 31st day of *December*, 1801, and that the next day, notice thereof was given in two of the *New-York* daily newspapers; which notice stated, that *Daniel Ludlow* was authorized to receive payments, and to adjust all accounts relating to the partnership. He further proved, that *Daniel Ludlow* continued business with other partners, under the same firm, until his failure in *February*, 1808, and before this suit was brought. He also gave in evidence a bond, from the defendant *D.*, dated 1st of *January*, 1802, to save the defendant *G.* harmless from all partnership debts; and also the book of accounts of *D. and G.*, from which it appeared, that on the 12th of *May*, 1797, they had charged *Walker*, the intestate, with 1,913 dollars and 6 cents laid out in the purchase of three shares in the bank of *New-York*, for *Walker*, as described in the account referred to, (marked A.) but it did not appear, by the books, that the stock was invested in the name of *Walker*. This evidence was objected to.

The judge directed the jury to find a verdict for the plaintiff, for 1,920 dollars and 6 cents, with interest; and they found accordingly.

*Per Curiam.* This case has been submitted to the court, on the question, whether the evidence was sufficient to take the demand out of the statute of limitations. But the case hardly affords room for a plausible doubt. It has been long settled, that an acknowledgment of the debt, within six years, will take it out of the statute. This was so ruled in this court, in the late case of *Sluby* v. *Champlin;* (4 *Johns. Rep.* 461.) and the authorities on the point are well collected and arranged in 2 *Saund.* 63. *note* 6. The acknowledgment here, by the defendant *Gulian,* was as strong as that in the case of *Sluby* v. *Champlin.* He admitted that the account presented had been made out by himself, in which the intestate was charged with the purchase of three bank shares, which had never been received by the intestate, or transferred to him ; and he added, that he thought the account had been settled, and that he would see his late partner on the subject, and communicate the result to the plaintiff, if he would call again upon him. This was equivalent to saying, that if the account had not been settled, it should be settled and paid.

But the acknowledgment by *Daniel Ludlow,* the other partner, was more decisive. He made out an account with the plaintiff, as late as 1st of *January,* 1808, in which the intestate was credited with the cash advanced for the bank shares. This account was made out after the dissolution of the copartnership ; but in the notice of dissolution it was announced to the public, that the defendant *Daniel* was authorized to adjust all accounts relating to the partnership. Without this express authority, the confession of one partner, after the dissolution, will take a debt out of the statute. The acknowledgment will not, of itself, be evidence of an original debt, for that would enable one party to bind the other in new contracts. (*Hackley* v. *Patrick,* 3 *Johns. Rep.* 536.) But the original debt being proved, or admitted, the confession of one will bind the other, so as to prevent him

ALBANY,
August, 1810.

from availing himself of the statute of limitations. This is evident from the cases of *Whitcomb* v. *Whitney*, and of *Jackson* v. *Fairbank*; (*Doug.* 652. 2 *H. Black.* 340.) and it results necessarily from the power given to adjust accounts.

The motion, therefore, on the part of the defendants, for a new trial, is denied.