The opinion of the court was delivered, by

Mr. Justice Richardson.

It has been decided, that a promise by one joint debtor, to pay a debt barred by the statute, is sufficient to take the case out out of the statute: 15 Johns. Rep 3. so a promise by one partner, made after the dissolution of the partnership, is also sufficient, 6 Johns. 267; and in the case of Briggs, vs. Ex'rs. Stark, 2 consti. *306 Rep. 111. this court decided that a promise hy one of several executors took the case out of the statute. Still it is urged that the case before us presents a new fact, in as much as it appeared that the account was barred by the statute, at the time of the-acknowledgement made by the executor. But in the case of Johnson, vs. Becuostee and others, (15 John.) before noticed, the debt was actually barred at the time of the promise, by one of the joint debtors? And I can perceive no good reason for the distinction between a promise before, and one made after the debt has been barred;, provided the debt was a subsisting one and not barred at the death of the testator. If it was due at that time,, the executor is the proper judge whether it has been since paid. The lapse of time raises no more than a presumption of payment by virtue of the statute, which presumption is as well rebutted by the promise made after the lapse of the four years, as if it had been made before, in both instances, the object is to discover whether the presumption still remains, i. e. whether the payment has been made or not. And the ac-knowledgement discovers the truth equally in both instances. The mistake evidently arises from considering the statute an absolute bar to the recovery of the debt; whereas by the settled construction, It merely raises a presumption of payment, arising from the lapse of time, which may be rebutted in various ways.
Miller, tor the motion.
Levy, contra*
The motion was therefore refused.
Johnson, JYott and CoTcock, concurred.
Gantt, dissented'.