## GREENLEAF & *al.* vs. QUINCY & *al.*

'The admissions of one of two joint partners, though made after the dissolution of the partnership, are sufficient to take a case out of the statute of limitations as to both ; the existence of the debt prior to the dissolution being proved by other evidence.

THIS was an action of *assumpsit* upon an account annexed to the writ, and was tried before *Whitman C. J.* in the Court of Common Pleas ; from whose ruling the case was brought up by bill of exceptions.

The defence was founded upon the statute of limitations ; and the plaintiffs to maintain the issue on their part, the original debt having been admitted, as stated in the account annexed, proved that *P. H. Greenleaf, Esq.*, in behalf of the plaintiffs, called on *Charles E. Quincy,* one of the defendants, in *July,* 1833, and requested payment of the demand.   Said *Charles* thereupon accompanied *Mr. Greenleaf* to his office, and on examining the account upon the books of the plaintiffs, objected to one charge only of four dollars, but made no objection to the residue.   He expressed surprise at the age of the account, and that it had not been presented to the assignees of the defendants, at the time of their failure some years before ; and said that if it had been so presented it would have been paid.   *Mr. Greenleaf* then remarked to him, that he, *Mr. G.*, was owing the other defendant and would like to have it turned in payment of that debt, to which he understood *Mr. Quincy* to assent ; and remarked that if it had been presented to him or his brother or to their assignees it would have been paid.

*Mr. Greenleaf* further testified that a short time prior to the foregoing, he had a conversation with *William J. Quincy,* the other defendant, in which *Mr. Q.* said he thought the demand had been paid — that, he had, since it accrued, settled bills presented by one of the plaintiffs, which he presumed included the charges sued for.   *Mr. G.* requested him to produce those bills, but he did not do it.

It was also proved, that a number of years prior to the time of these conversations, the defendants had failed in business and assigned their effects to trustees, and had ever since ceased to do business as partners.

Upon this evidence, the Judge instructed the jury, that, a new promise by one of a partnership firm, after the dissolution of the copartnership, would not revive a debt barred by the statute of limitations ; and that if they did not find a distinct acknowledgment of the present demand as a subsisting debt by both of the defendants, they would find for the defendants ; but that, if they were satisfied from the evidence that both defendants in the conversations testified to, meant to acknowledge a subsisting indebtedness they would find for the plaintiffs. The jury returned a verdict for the plaintiffs.

*W. Goodenow*, for the defendants, contended that it was erroneously left to the jury to decide what was *meant* by the defendants in the language used by them. When the words are proved, it is for the Court to decide whether they amount to a new promise or not. *Miller* v. *Lancaster*, 4 *Greenl.* 159 ; and cases there cited.

He further insisted that the proof did not show a new promise, and cited *Perley* v. *Little*, 3 *Greenl.* 97 ; *Porter* v. *Hill*, 4 *Greenl.* 41 ; *Bell* v. *Morrison*, 1 *Peters*, 351.

If the declarations of one, amounted to a new promise, they would be insufficient to revive the debt, having been made after the dissolution of the copartnership. *Bell* v. *Morrison*, 1 *Peters*, 351.

He cited further, *Andover & Medford Turnpike Corporation* v. *Gould*, 6 *Mass.* 40 ; *Hackley* v. *Patten*, 3 *Johns.* 536 ; *Coet* v. *Tracy*, 8 *Con.* 277.

*Megquier*, on the other side, insisted that the evidence shew a new promise and cited *Murray* v. *Da Costa*, 20 *Johns.* 576.

The acknowledgment or promise of one was sufficient to revive the debt as to both. 2 *Stark. Ev.* 897, and authorities there cited. *Getchell* v. *Heald & al.* 7 *Greenl.* 26 ; *Smith* v. *Ludlow*, 6 *Johns.* 267 ; *White* v. *Hale*, 3 *Pick.* 291 ; *Johnson* v. *Beardsley*, 15 *Johns.* 3 ; *Hunt* v. *Bridgham*, 2 *Pick.* 583 ; *Parker* v. *Merrill & als.* 6 *Greenl.* 41.

The opinion of the Court was delivered by

WESTON C. J. — If it be necessary that there should have been evidence of a new promise, or of an acknowledgment of in-

debtedness, from both defendants, to take the case out of the statute of limitations, it may be difficult to sustain the verdict; as there does not appear to have been sufficient evidence to this effect against *William J. Quincy*, one of the defendants, according to the modern approved cases, to have been left to the jury, or to have authorized their finding.

It is insisted that the same objection exists to the testimony against *Charles Quincy*, the other defendant. He did not deny the existence of the debt; but said it would have been paid, if it had been presented to his brother, or to himself, or to their assignees. This of itself did not amount to a clear admission of existing indebtedness; but the witness, who was authorized to demand the debt for the plaintiffs, understood him to assent to his proposition, that it should be turned against one, which was due from the witness to his brother. What the witness understood, the jury must have found to be true. The witness was then acting in behalf of the plaintiffs. *Charles,* by his assent to the proposition made, promised to pay it in the manner pointed out by their agent, which they must be understood to have adopted and approved. And this was such a promise as would take the case out of the statute of limitations, if that defendant had been the only party liable.

The defendants had been partners, but had failed some years ago, and assigned their property, since which time they had ceased to do business as such. The Judge predicated his instructions upon the assumption, that this was a dissolution of the partnership; and so we must understand it to have been, as the case is presented to us, under the exceptions taken.

If the promise of one of the defendants, after the dissolution of the partnership, the existence of the debt being otherwise proved, ·is sufficient to take the case out of the statute, the verdict is right, and the judgment below should be affirmed. Upon this point, the cases cited from *New York* do not harmonize with each other. In *Smith* v. *Ludlow,* 6 *John.* 267, the acknowledgment of one partner, after the dissolution, and after the statute had attached, was held sufficient to revive the debt against both. A different doctrine had previously been laid down in *Hackley* v.

*Patrick,* 3 *Johns.* 528, and subsequently, in *Waldren & al.* v. *Sherburne & al.* 15 *Johns.* 409.

In *Van Reimsdyk* v. *Kane,* 1 *Gall.* 635, *Story J.* held the confession of one partner, after the dissolution of the partnership, sufficient to take a case out of the statute. And although in *Bell* v. *Morrison,* 1 *Peters,* 371, the Supreme Court of the *United States* adopt a different doctrine; yet as it was a case, which originated in *Kentucky,* they were principally influenced by a course of decisions in that state.

In *Cady* v. *Shepherd & al.* 11 *Pick.* 400, *Wilde J.* by whom the opinion of the court was delivered, takes a view of this question, and of the English authorities bearing upon it, and, speaking for the court says, " the rule is, we think, correctly laid down by *Mansfield C. J.* in *Wood & al.* v. *Braddick,* 1 *Taunton,* 103." The opinion of the Chief Justice in that case was, that " the admission of one partner, made after the partnership has ceased, is not evidence to charge the other, in any transaction, which has occurred since their separation ; but the power of partners with respect to rights created pending the partnership, remains after dissolution." *Wilde J.* adds, " this rule of law has been frequently recognized, with unqualified approbation, and is, I think,. the settled law in *England* at the present day, notwithstanding the contradictory opinions, which have since prevailed in relation to the admissions made by a partner, as to debts barred by the statute of limitations." *Heath J.,* who concurred in the opinion in *Wood & al.* v. *Braddick,* placed it upon the ground, that when a partnership is dissolved, it is not dissolved with respect to things past, but only with regard to things future ; and that as to the past, the partnership continues, and always must continue.

In our own state, *Parker* v. *Merrill & al.* 6 *Greenl.* 40, has a strong bearing in favor of the plaintiffs. But *Getchell, admr.* v. *Heald & als.* is, in principle, an authority directly in point. It was there held, that the admission of one of several joint debtors, after the statute of limitations had attached, revived the debt as to all. And we believe, whatever vacillation may have existed elsewhere, that no conflicting opinion can be found in *Massachusetts* or *Maine.* But to lay a foundation for this testimony, consistently with the principles upon which it is received, the exist-

ence of the debt before the dissolution, should be proved by other testimony. That being done, we are of opinion that the admissions of one partner afterwards may be received to defeat the bar, arising from the statute of limitations.

*Judgment affirmed.*