BOGERT *vs.* VERMILYA.

One of two makers of a joint and several promissory note can not, after the debt is barred by the statute of limitations, revive the indebtedness, as against the other maker, by making a payment on the note, so as to enable the holder to sue the latter, upon the note, as survivor, after the death of the former.

THIS was an action brought against the defendant as survivor of William Bruce, upon a joint and several promissory note for $200, made by them on the 21st of January, 1837, payable to the plaintiff three months after date. On the trial the plaintiff proved the execution of the note, by the makers. He then proposed to prove that Thomas Vermilya, the defendant, in the fall of the year 1837, departed from this state and was continually absent therefrom until 1843 or 1844; and that the said William Bruce had, within six years previous to the commencement of this suit, acknowledged that the note was due and unpaid. To

Bogert *v.* Vermilya.

the admission of such testimony the counsel for the defendant objected, on the ground that it was irrelevant and inadmissible under the pleadings in the cause, and also insufficient to avoid the bar to the plaintiff's claim growing out of the statute of limitations. That the action being upon the joint contract of Bruce and the defendant, the absence from the state of the defendant did not arrest the running of the statute against the demand. That inasmuch as the plaintiff's declaration consisted of the money counts, with a notice of the note being the only cause of action, he had by such notice confined his claim and his proofs to the cause of action created by the note itself, and that any evidence of a subsequent acknowledgment or promise, either express or implied, to pay the note, would therefore be improper, as such acknowledgment or promise would be a new and distinct cause of action, from the express promise contained in the note.

His honor the judge decided that such testimony was admissible under the pleadings and notice, and admitted the same. The defendant excepted. The plaintiff then proved that the defendant left this state and went to Liverpool, England, in the fall of the year 1837, and did not return until the year 1843 or 1844. That the said William Bruce died on the 15th of January, 1845. That on the 17th of May, 1843, Bruce paid the plaintiff $50 upon the note, which was credited thereon by the plaintiff; and that he had made other payments within six years. The jury found a verdict for the plaintiff, for the balance due upon the note ; and the defendant, upon a bill of exceptions, moved for a new trial.

*Wm. H. Elting*, for the plaintiff.

*S. G. Raymond*, for the defendant.

*By the Court*, EDWARDS, J. The promissory note upon which this suit was brought, and which according to the notice attached to the plaintiff's declaration, constituted the sole cause of action, was signed by the defendant and William Bruce, who jointly and severally promised to pay the sum of $200, with

lawful interest, in three months after its date, which was the 21st of January, 1837. The declaration contained only the common money, counts, with a copy of the note annexed. The defendant pleaded the general issue and also *actio non accrevit*, &c. To this the plaintiff replied generally, and also put in a special replication that before the expiration of six years from the time when the several causes of action in the declaration mentioned accrued to the plaintiff, the defendant departed from, and resided out of this state, and that the plaintiff commenced his suit within six years after the several causes of action accrued to the plaintiff, exclusive of the absence of the defendant out of the state. To this there was a general rejoinder, and also a special rejoinder, that the several causes of action accrued on the 24th day of April, 1837, to the plaintiff against the defendant jointly with Wm. Bruce, and that at the time when the several causes of action so accrued, and from thence continually until the decease of said Bruce on the 15th of January, 1845, the said Bruce resided in the city of New-York, and that more than six years elapsed between the time when the said causes of action accrued to the plaintiff, and the death of the said Bruce. To this there was a surrejoinder that the several causes of action accrued subsequent to the 24th of April, 1837, and that six years did not intervene between the time when the several causes of action accrued, and the death of Bruce. To this there was a general rebutter.

On the trial of the cause the plaintiff offered to prove the absence of Vermilya, and the acknowledgment of the debt by Bruce. The circuit judge decided that such proof was admissible, and to this decision the defendant's counsel excepted. The plaintiff then introduced evidence to show the absence of Vermilya, and that Bruce had made payment on the note within six years before the commencement of the suit. The defendant's counsel then renewed his exceptions to the evidence, and requested the judge to charge the jury that the new promise growing out of the payment by Bruce was not binding on the defendant. The judge refused so to charge; but instructed the jury in substance that, if they believed a payment was made by Bruce, as alledged

---

by the plaintiff, such payment took the case out of the statute, as to Vermilya. And to this charge the defendant's counsel excepted.

The judge's charge was founded upon the rule which was laid down in the leading case of *Whitcomb* v. *Whiting*, (*Doug.* 652,) and which was afterwards sanctioned in this state in the case of *Smith* v. *Ludlow*, (6 *John.* 267,) and finally adopted in *Johnson* v. *Beardsley*, (15 *John. R.* 3,) and in *Patterson* v. *Choate*, (7 *Wend.* 441.)

But, since the trial of the cause, the law on this subject has undergone a review in the court of appeals ; and in an opinion delivered by the present chief judge of that court, it is shown by convincing and unanswerable argument, that, upon reason and principle, the rule laid down in the cases above cited was wrong, and they were distinctly overruled. (*Van Kuren* v. *Parmelee*, 2 *Comst.* 523.)

It will be observed by reference to the bill of exceptions, that upon the trial the plaintiff did not rely upon his replication of the absence of the defendant, in order to defeat the plea of the statute of limitations ; and the question is not presented to us whether such proof would in itself take the case out of the statute. For this reason we do not consider ourselves authorized to express an opinion upon that point.

New trial granted, costs to abide the event.

