*180
 
 Denio, J. (dissenting.)
 

 It does not appear that the relation of principal and surety, or that of partners, at any time existed among the makers of this note, nor that there -has been any change in their situation
 
 inter sese
 
 since it was made, whatever that situation then was. There has been no period of six years during which a payment was not made and indorsed, from the giving of the note to the time of the commencement of the action. There is no evidence whether the payments, which are admitted to have been all made by Thomas A. Paine, were made with or without the knowledge or concurrence of the other. defendants, unless the fact that the plaintiff omitted to give any proof upon that point establishes the want of such concurrence. If the defense in this action is made out, it follows that in the case of a note past due, made by several persons, where the holder-has received regular annual or other periodical payments of-interest or regular instalments of principal by the hands of one of the debtors, he will lose his remedy against the others for any balance which may remain, after the lapse of six years, unless he is able to show an agency in the party so paying, for his co-debtors,, other and beyond what may be implied from the fact of their joint indebtedness. With the conviction which I entertain that such an adjudication would be contrary to the generally received understanding of the legal profession and the community, as it would certainly be inconsistent with a great " many adjudged cases, both in England and in this country, I am of opinion that this court should not confirm it, unless constrained to do so by precedents which it has no right to • disregard. The defendant’s counsel of course relies upon the decision of this court in
 
 Van Keuren
 
 v.
 
 Parmelee,
 
 (2
 
 Comst.
 
 523.) That was an action on a note made by a copartnership firm, consisting of three persons, which was dissolved about a year after the note became payable. About nine years after the dissolution, and four years after an action on the note had been barred by the statute of limitations, one of the former copartners acknowledged the existence of the debt and’ promised to pay it. The action was against the three joint makers, and the two who
 
 *181
 
 had not made any promise pleaded the statute of limitations ; and this court adjudged that the action was barred. Unless there is a distinction founded upon principle between that case and the present, the judgment of the supreme court, which was made in professed obedience to the former, is right and ought to be affirmed. The plaintiff’s counsel seeks to distinguish the cases by referring to two particular circumstances in which ’they differ. First, the evidence to avoid the statute in the former case in this court was a parol promise, while in the one under review it consisted of payments by one of the debtors, which are claimed to be more authentic acts and to be entitled upon this question to a different consideration; and second, that in this case there was never á lapse of six years without a payment, which is at least equivalent to a new promise, and that, therefore, the demand was never barred, if a promise by one joint debtor is an answer to the statute in any case. It was also remarked that the decision in
 
 Van Keuren
 
 v.
 
 Pármeles
 
 proceeded very much upon the revocation of the authority of the several partners to bind their associates, which was effected by the dissolution of the copartnership; and it is correctly said that no such feature exists in the case now before the court.
 

 That the act of making a partial payment on account of a moneyed demand, in the ordinary course of business, is a more satisfactory recognition of the continued existence of such demand, than evidence of declarations respecting it, cannot be denied; and for that reason, it is seen that in the recent acts which require a promise to avoid the statute to be in writing, the effect of partial payments is left unaltered.
 
 (Stat.
 
 1849,
 
 p.
 
 638, § 110 ;
 
 Stat.
 
 9
 
 Geo.
 
 4, ch. 14.) All the cases agree that a payment is equivalent to a new promise to pay the residue of the debt Upon that point there is no controversy; but the question here is as to the authority of T. A. Paine to affect the rights of his co-debtors by any thing which he could do. It is unimportant whether the act bé a promise in terms or a payment of part of the debt. If he was unable from want of authority to change the situation of the others, it cannot be affected
 
 *182
 
 by any act of his, however authentic it may be. So as to the absence of any partnership relation in this case. Partners have a certain authority to affect the rights of their copartners by acts within the scope of the common business, which ceases when the company is dissolved. There having never been any copartnership among, the makers of this note, their relation to each other is substantially the same as that of partners who have dissolved their connection after contracting a debt. In both cases they are simply joint debtors, without any other authority in respect to each other than what results from that relationship.
 

 It remains to consider whether there is a distinction in principle between payments or promises made by one of several joint debtors at a time when the demand was unaffected by the statute, and such as are made after it has attached. The eminent judge who delivered the published opinion of the court, in
 
 Van Keuren
 
 v.
 
 Par melee,
 
 though he does not lay great stress on the distinction, is yet careful to point out that the promise in that case was made after the demand had been barred by the operation of the statute. He refers prominently to it in the statement of facts, and remarks that it must strike one with astonishment that promises by one of the debtors
 
 “
 
 made at such a time, and under such circumstances,” should bind them all. In alluding to this difference further on, he says, that if it should be held a sound distinction, the defense in that case would be sustained, “ for the statute had run upon the claim long before the new promise was made.” In distinguishing the case before him from
 
 Whitcomb
 
 v.
 
 Whiting, ( Doug.
 
 652,) he remarks that “ it does not appear in that case that the action was barred prior to the payment.” How, although much of the reasoning of the learned judge would be fatal to the plaintiff in the case now under review, and it is perhaps probable that he would have considered the demand barred though the promise had been made before the statute had run; yet it cannot be affirmed that such would have been the opinion of the court. There was another opinion delivered which the reporter has not published; and it may be that the judge who prepared it, and a majority
 
 *183
 
 of the court placed the decision upon the very distinction under examination. They clearly might have done so. The case of
 
 Whitcomb
 
 v.
 
 Whiting
 
 was adjudged more than seventy years ago, and its authority is not weakened in my estimation
 
 by he
 
 consideration that it was made by that very eminent judge, Lord Mansfield. It decided that in the case of joint debtors, if one make a payment or a promise to pay the debt within six years before the commencement of the suit, it avoids the bar of the statute as to all; the one, as Lord Mansfield observed, acting virtually as the agent for the rest. This case has been steadily followed in the English courts to the present day; for though some cases which might be considered as embraced by its principle have been distinguished, as
 
 Brandram
 
 v.
 
 Wharton,
 
 (1
 
 Barn. & Ald.
 
 463,) and
 
 Atkins
 
 v.
 
 Tredgold,
 
 (2
 
 Barn. & Cress.
 
 23,) yet it has maintained its ground and is at this day considered as the settled law.
 
 (Perham
 
 v.
 
 Raynal,
 
 2
 
 Bing.
 
 306;
 
 Pritchard
 
 v.
 
 Draper,
 
 1
 
 Rus. & Myl.
 
 191.) In this state the case of
 
 Whitcomb
 
 v.
 
 Whiting
 
 has been repeatedly acted upon, and was never questioned until the decision in
 
 Van Keuren
 
 v.
 
 Parmelee.
 
 The doctrine of that judgment was affirmed and followed in the following cases in the late supreme court and the court of chancery:
 
 Smith
 
 v.
 
 Ludlow,
 
 (6
 
 John.
 
 267;) J
 
 ohnson
 
 v.
 
 Beardslee,
 
 (15
 
 id.
 
 3;)
 
 Hammon
 
 v.
 
 Huntley,
 
 (4
 
 Cowen,
 
 493;)
 
 Patterson
 
 v.
 
 Choate,
 
 (7
 
 Wend.
 
 441;)
 
 Roosevelt
 
 v.
 
 Mark,
 
 (6
 
 John. Ch.
 
 266, 291.) In the three earliest of these cases, the one in Douglass was referred to by the court as an authority for its decision, and the later cases were based upon the authority of those which had preceded them in this state. In none of them was the distinction now attempted to be maintained adverted to, nor does the attention of the court seem to have been called to it. It is certainly competent for a court of ultimate resort to reconsider, and for good reasons to overrule any course of decision.of the subordinate tribunals ; and if we could regard this court in
 
 Van Keuren
 
 v.
 
 Parmelee
 
 as having passed such a judgment upon this series of adjudications, it would be our duty to carry into effect and apply it to this and to all future
 
 *184
 
 cases. -But in my opinion the more just conclusion is that the doctrine of
 
 Whitcomb
 
 v.
 
 Whiting
 
 has only been
 
 limited
 
 in its application so as to exclude cases like that of
 
 Van Keuren
 
 v.
 
 Parmelee,
 
 when the promise relied on was made after the demand had been barred by the statute of limitations. There are weighty reasons for thus restricting the doctrine. When six years have elapsed without an acknowledgment or promise to pay, there is a presumption-of fact of considerable strength that the demand has been satisfied. The statute declares that this presumption shall be conclusive against the creditor unless the case is within some of the exceptions. There is in such a case a substantial reason for holding that a new contract is necessary to enable the creditor to get rid of the bar of the statute ; and if a new contract is required all the parties to be charged should concur in making it. When the statute has run, the privity which existed between the co-debtors is extinguished, and there is not in principle any reason why, after that, one should be able to bind the others by an acknowledgment, a payment or an actual prom- ■ ise. In very many contracts, while the obligation of the debtors is joint as it regards the creditor, as 'between the debtors them-, selves, one of them ought to pay. The others have a right to know when the statute has worked an extinguishment of their liability, and to rely upon the discharge wrought by it. When they find that the time of limitation has elapsed without any thing having taken place which assumed the continued obligation of the contract, it is fit that the discharge which the law has provided should not be liable to be defeated by the subsequent act. of another, in which they did not participate and which they could not control. This idea was glanced at in
 
 Atkins
 
 v.
 
 Tredgold,
 
 already referred to. One of the joint debtors had died, and afterwards and after the time of limitation-had passed, the survivors made payments, and the creditor brought an action against the executors of the deceased, relying upon the payments made by the survivor as a promise to take the case out of the statute. Chief Justice Abbot said that a decision in favor of the plaintiff would introduce great difficulty in administering the affairs of
 
 *185
 
 testators. “ Suppose,” said he, “ an executor to have waited six years and then, no claim having been made, to dispose of the assets in payment of legacies. He might, if the plaintiffs were allowed to prevail, be subsequently rendered liable to the payment of demands to any amount by the acknowledgment of a person originally joint debtor with the testator. The inconvenience and hardship arsing from such a liability satisfies me that the principle of
 
 Whitcomb
 
 v.
 
 Whiting
 
 ought not to be extended to this case.”-- Bailey, J., placed his opinion in part upon the very distinction upon which I am insisting. “Here,” he says, “the statute appears to have attached before the payment was made by Robert Tredgold, [the survivor;] and, therefore, John Tredgold, [the testator,] being at that time protected could not be subjected to any new obligation by the act of Robert.” There is a manifest incongruity in a rule which shall hold a debtor entirely discharged at one time, and consider him liable at a subsequent period, on account of an act or declaration to which he wps not privy. On this ground I entirely concur in the judgment in
 
 Van Keuren
 
 v.
 
 Parmelee.
 
 It is right upon principle and consistent with sound policy; and it can be sustained moreover without entirely overturning a series of adjudications almost coeval with the political existence of the state. We have only to say that when the principle of
 
 Whitcomb
 
 v.
 
 Whiting
 
 has been applied to cases where the payment or promise was made after the demand was barred, it was misapplied, and the attention of the court not having been called to the distinctions referred to, it cannot be said that it would not have been recognized had it been insisted on. The report in Douglass does not show whether the payment was before or after the statute had run. In
 
 Atkins
 
 v.
 
 Tredgold,
 
 just referred to, Bailey, J. and Holroyd, J. understood it to have been made before the statute had attached and while all the parties remained liable on the original undertaking. There is no case in England or in this state where the distinction upon which I proceed has been repudiated. In
 
 Bell
 
 v.
 
 Morrison,
 
 (1
 
 Peters,
 
 352,) which is a case much relied upon by the court in
 
 Van Keuren
 
 
 *186
 
 v.
 
 Parmelee,
 
 and by the defendant’s counsel here, Judge Story was particularly careful to apply his reasoning to the case of a demand barred by the statute. “
 
 When the statute has
 
 run,” he says, “against a joint debt, the reasonable presumption is that it is no longer a subsisting
 
 debt;
 
 and therefore there is no ground on which to raise a virtual agency to pay that which is not admitted to exist.” Again, “The question is not, however, as to the authority of a partner after the dissolution to adjust an admitted debt; we mean admitted by the whole partnership or
 
 unbarred by the statute
 
 ; but whether he can by his sole act,
 
 after the action is barred by the lapse of time,
 
 revive it against all the partners, without any new authority communicated to him for this purpose.” “When the statute of limitations
 
 has once
 
 rzm, against a debt the cause of action against the partnership is gone. The acknowledgment if it is to operate at all is to create a new cause of action; to revive a debt which is extinct, • and thus to give an action which has its life from the new promise implied by law from such an acknowledgment, and operating and limited by its purport. It is then in its essence the creation of a new right and not the enforcement of an old one.”
 

 Having thus shown that in all the cases where the efficacy of a new promise by one of several joint debtors to take a case out of the statute of limitations, has been denied, the period of limitation had elapsed before the promise was made, and that the circumstance that the statute had attached has been relied on in each of these cases, it is not incumbent on me to explain the nature of the agency by which such a promise by one debtor is held effectual when made within the period of limitation. It is enough to vouch the uniform and consistent course of adjudications by which that principle has been established. Should it be said that the relation of joint debtors does not enable one of them to modify the joint contract without the concurrence of the others, the answer ys that, if it be a modification, it is settled law that one joint debtor is competent to effect it. The law of limitations is peculiar. Its object is to protect parties against stale demands where the defense has become unavailable by lapse
 
 *187
 
 of time. It is a branch of that law as well settled by authority, as it is reasonable and just in principle, that where one of the joint debtors has made a payment or a fresh promise to pay, within the period of limitation, a new date is assigned to the cause of action for the purpose of reckoning the time of limitation. But the same general principle exists in many other cases, where an acknowledgment by one of several who are jointly con cerned is binding on the others. It has been applied to the case of co-trespassers, the joint trespass being first established;
 
 (The King
 
 v.
 
 The Inhabitants of Hardwick,
 
 11
 
 East,
 
 578;) to cases of conspiracy and other like cases ;
 
 (Perham
 
 v.
 
 Raynal, supra; Crary v. Sprague, 12 Wend.
 
 41.) There is a privity of a certain kind between joint debtors while the original obligation remains in force. Either has a right to pay the debt or any part of it, and such payment does something more than extinguish the joint demand. It creates a new cause of action in favor of the party paying, against the other debtors for contribution, or for the whole amount paid in the case of payment by a surety.
 

 I have not examined the late eases in the supreme court on the principal question, because they are not in harmony with each other, and are too recent to have been extensively acted upon.
 
 (Bogert
 
 v.
 
 Vermilya,
 
 10
 
 Barb.
 
 82;
 
 Dunham
 
 v.
 
 Dodge, id.
 
 566;
 
 Reid
 
 v.
 
 McNaughton,
 
 15
 
 id.
 
 168.) Much able reasoning and a reference to many authorities which I have not thought it necessary to notice will be found in the opinions of the learned judges.
 

 In conclusion, I think it right to say that where a principle of law of frequent application and of extensive influence in the profession and among business men, has been constantly and frequently held for a long course of years, it is eminently indiscreet and unsafe, to depart from it, upon any notion that it is inconsistent with some other supposed theoretical principle. We ought not to forget that upon a great variety of legal questions, including the one under consideration, the only resort of the citizen is to precedents afforded by the judgments of the courts.
 
 *188
 
 If they cannot rely upon these, they are, for aught I can gee, in no better condition than the subjects of a country whose laws exist in the unlimited discretion of the magistrate. If a legal rule is found to be inconvenient, or otherwise impolitic, the legislature has ample power to change it, and such change will necessarily be prospective,' but if this be done by the courts, the new rule is at once applied to transactions which have passed, and which were entered into when the law was understood to be different.
 

 I am therefore in favor of reversing the judgment of the supreme court.
 

 Johnson, J., concurred with Denio, J.
 

 Judgment affirmed.